OPINION
Defendant-appellant Mable S. Mack appeals from the December 9, 1999, Judgment Entry of the Stark County Court of Common Pleas in Case No. 1998CV01182 and the December 17, 1998, Judgment Entry of the Stark County Court of Common Pleas in Case No. 1999CV01101.
STATEMENT OF THE FACTS AND CASE, Appellant Mable S. Mack is a resident of Altercare of Canton, a nursing home located at 820-836 34th St., N.W., in Canton. On October 6, 1998, appellee GFS Leasing 
Management, Inc., dba Altercare of Canton filed a complaint on account against appellant and her son, Guy Mack, Jr. in the Stark County Court of Common Pleas (Case No. 1998CV01882). The case was assigned to Judge Lee Sinclair. Appellee, in its complaint, alleged that appellant and her son owed appellee $20,638.28 for "care and services" plus any additional amounts due for care and services which were not reimbursed by Medicaid. Pursuant to an agreement with appellee, Guy Mack, Jr., appellant's son, had agreed to use all of appellant's funds to pay appellee for appellant's nursing care and services. Appellee, in its complaint, alleged that Guy Mack, Jr. had breached such agreement. Guy Mack, Jr. was served by certified mail with a copy of the complaint on October 8, 1998. With respect to appellant, the summons and complaint, which were sent by certified mail, were addressed as follows: Mable S. Mack, c/o Altercare of Canton, 820-836 34th St. N.W., Canton, OH 44709. An employee at appellee's nursing home signed the certified mail receipt on appellant's behalf on October 8, 1998. After appellant and her son failed to file an answer to appellee's complaint, appellee filed an Application for Default Judgment on November 18, 1998. Pursuant to a Judgment Entry filed the next day, appellee was granted judgment against appellant and her son, jointly and severally, in the amount of $20,638.28 "plus any additional amounts due for care and services rendered hereafter which are not reimbursed by Medicaid, together with late charges and costs of suit." Thereafter, a Certificate of Judgment for Lien Upon Land and Tenements was filed on December 8, 1998. Subsequently, appellee on May 13, 1999, filed a complaint for foreclosure against appellant, her son (Guy Mack, Jr.), the Stark County Treasurer, and Kimberly A. Varney in the Stark County Court of Common Pleas (Case No. 1999CV01102) seeking to foreclose on real property owned by appellant. The case was assigned to Judge Richard Reinbold. Guy Mack, Jr. was served by certified mail with a copy of the summons and complaint on May 15, 1999. Once again, the summons and complaint were addressed to "Mable S. Mack c/o Altercare of Canton, 820-836 34th St. N.W., Canton, Ohio 44709." An employee at appellee's nursing home signed the certified mail receipt on appellant's behalf. Although an answer was filed by Kimberly A. Varney on May 24, 1999, and an answer and cross-claim were filed by the Stark County Treasurer on June 9, 1999, neither appellant nor her son filed an answer to the complaint. Thereafter, a Judgment and Decree of Foreclosure was filed on August 31, 1999, in Case No. 1999CV01102. On November 1, 1999, the subject property was sold at a Sheriff's Sale. Appellant, on November 19, 1999, filed a Motion to Vacate Judgment in Case No. 1998CV01882 seeking to vacate and set aside the default judgment entered against her in such case. On the same date, appellant filed a Motion to Vacate Judgment in Case No. 1999CV01102. In such case, the decree of confirmation of the Sheriff's Sale had yet to be filed. Appellant, in both Motions to Vacate, alleged that the trial court lacked personal jurisdiction over her since she was not properly served with the summons and complaint in either case and that, therefore, the judgments against her were void ab initio. Pursuant to an assignment notice filed on November 22, 1999, Judge Sinclair scheduled a non-oral hearing in Case No. 1998CV01182 on appellant's Motion to Vacate Judgment for December 16, 1999. Thereafter, appellee filed responses to both Motions to Vacate on November 24, 1999. After appellant filed a supplemental memorandum in support of her Motion to Vacate in Case No. 1999CV01102 (the foreclosure), Judge Reinbold scheduled an oral hearing for January 7, 2000. However, after Judge Sinclair denied the Motion to Vacate Judgment that had been filed by appellant in Case No. 1998CV01882 pursuant to a Judgment Entry filed on December 9, 1999, Judge Reinbold denied appellant's Motion to Vacate Judgment in Case No. 1999CV0112 pursuant to a Judgment Entry filed on December 17, 1999, without holding the scheduled oral hearing. Both Motions to Vacate were denied for the same reasons, namely, that appellant had failed to establish the basis for her motions and failed to establish a meritorious defense to appellee's claims as is required by Civ.R. 60(B). It is from the December 9, 1999, Judgment Entry in Case No. 1998CV01882 and the December 17, 1999, Judgment Entry in Case No. 1999CV01102 that appellant prosecutes her appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST HER; THE TRIAL COURT ERRONEOUSLY APPLIED THE REQUIREMENTS OF CIVIL RULE 60(B) AND FURTHER FAILED TO FIND THE DEFAULT JUDGMENT VOID AB INITIO FOR LACK OF PERSONAL SERVICE.
 I
Appellant, in her sole assignment of error, contends that, in both cases, the trial court erred by requiring that appellant's Motion to Vacate meet the requirements for vacating a judgment under Civ.R. 60(B) and by failing to find that appellant was entitled to relief from judgment due to lack of personal service of the summons and complaint upon appellant. As an initial matter, this court notes that Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See Patton v. Diemer (1988), 35 Ohio St.3d 68
and CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157,161. Accordingly, a judgment rendered without proper service is a nullity and is void. Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64. The authority to vacate a void judgment, therefore, is not derived from Civ.R. 60(B), "but rather constitutes an inherent power possessed by Ohio courts." Patton, supra, paragraph four of the syllabus. A party seeking to vacate a void judgment must, however, file a motion to vacate or set aside the same. CompuServe, supra, at 161. Yet to be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). Id. While appellant maintains that the December 9, 1999, judgment against appellant in Case No. 19998CV01882 and the December 17, 1999, judgment against appellant in Case No. 1999CV01101 are void ab initio due to lack of proper service of process on appellant, we do not agree. Ohio Civ.R. 4.1(A) provides that service of process may be made by certified mail "[e]videnced by return receipt signed by any person. . ." (Emphasis added). Service by certified mail is perfected when it is sent to an address "reasonably calculated to cause service to reach the defendant." Ohio Civ. Rights Comm. v. First Am. Properties (1996),113 Ohio App.3d 233, 237, citing to Regional Airport Auth. v. Swinehart (1980), 62 Ohio St.2d 403. It is presumed that valid service of process has been made when the envelope is received by any person at the defendant's address. Id. Pursuant to Civ.R. 4.2(A), service of process is made by serving an individual other than a person under the age of sixteen or an incompetent person. As is stated above, the summons and complaint in Case No. 1998CV01882 and in Case No. 1999CV01102 were addressed to appellant "c/o Altercare of Ohio, 820-836 34th St., N.W. in Canton, Ohio." At the time both complaints were filed, appellant, who at all relevant times had not been adjudicated incompetent, was residing in appellant's nursing home located at the above address. Although appellant did not sign either certified mail receipt in this matter, both certified mail receipts were signed by employees at appellee's nursing home. Based on the foregoing, we find that certified mail service was perfected since it was sent to an address "reasonably calculated to cause service" to reach appellant. There is nothing in the Civil Rules or elsewhere prohibiting appellee from serving appellant by certified mail addressed in care of appellee's own principal place of business. While appellant asserts that she was incapacitated at the time the two cases were filed and/or that she did not receive the summons or complaint in either case, we find that there is no affidavit or other evidence in the record supporting appellant's assertions. Since, as is discussed above, service was perfected against appellant, the trial courts in both underlying cases had personal jurisdiction over appellant. Since the judgments entered on December 9, 1999, and December 17, 1999, were not, therefore void ab initio for lack of personal service on appellant, the two trial courts in this matter did not err in applying the requirements set forth in Civ.R. 60(B) for vacating a judgment. The issue thus becomes whether the trial courts erred in denying appellant's Motions to Vacate in the two underlying cases. A trial court's decision denying a motion for relief from judgment is within the trial court's sound discretion and will not be disturbed absent an abuse of discretion. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) though (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3) not more than one year after the judgment. GTE Automatic Electric Co., Inc. v. ARC Indus. Inc. (1976), 47 Ohio St.2d 146. Accordingly, because appellant in the case sub judice failed to present a meritorious defense in either of her Motions to Vacate via affidavit or otherwise as is required pursuant to GTE, supra, neither Judge Sinclair nor Judge Reinbold abused their discretion in failing to set aside the default judgment entered against appellant in Case No. 1998CV01882 and the judgment of foreclosure entered against appellant in Case No. 1999CV01102. For the foregoing reasons, appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 __________________ EDWARDS, J.
By Edwards, J. Farmer, P.J. and Wise, concurs