SOUTHGATE SHOPPING CENTER CORPORATION, APPELLEE, *v.* JONES, APPELLANT.

(No. 2375—Decided October 31, 1975.)

*Messrs. Reese, Fitzgibbon, McNenny & Price* and *Mr. Raymond P. Luther*, for appellee.

*Messrs. Moritz & McClure* and *Mr. Thomas E. Moloney*, for appellant.

Dowd, J. This appeal presents the issue of the validity of service of process by certified mail where delivered to and signed for by a person other than the defendant.

On October 10, 1974, the plaintiff filed an action alleging that the defendant was indebted to the plaintiff under the provisions of a ten year lease and for alleged damages to the premises. Service of process was attempted by use of certified mail pursuant to Civil Rule 4.1(1). The defendant, sued as an individual in the context of Civil Rule 4.2(1), claims in his affidavit supporting his motion for relief from judgment that he did not receive the certified mail containing the service of process and complaint and was unaware that he had been sued.

No answer or appearance was made by the defendant, and a default judgment was rendered for the plaintiff against the defendant. Civil Rule 4.1(1) provides for service by certified mail and prescribes the duties of the Clerk of Courts for certified mail as used:

"Rule 4.1

Process: Methods of Service

"All methods of service within this state, except service by publication as provided in Rule 4.4(A) are described herein. Methods of out-of-state service and for service in a foreign country are described in Rule 4.3 and Rule 4.5.

"(1) Service by certified mail. Service of any process shall be by certified mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. He shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. He shall affix adequate postage and place the sealed envelope in the United States mail as cer-

tified mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. * * *."

The envelope, presumably containing a copy of the process and complaint, was addressed to the defendant at a business in Columbus, Ohio, listed in a ten year lease as the place where notices concerning the lease were to be mailed to the defendant-lessee. The certified mail return receipt indicated that it was delivered to Sue Middleton on October 12, 1974, at the address so specified on the envelope and in the ten year lease.

After the plaintiff obtained a default judgment and commenced action looking to a collection of the judgment, the defendant filed a motion for relief from judgment, on March 14, 1975, requesting that the judgment be vacated on the grounds that, (1) the judgment was void because of a lack of jurisdiction over the person of the defendant due to the failure of service or (2) the judgment was voidable under Ohio Civil Rule 60 (B)(1) because of the excusable neglect of the defendant. The motion was supported by a memorandum of law and four affidavits including an affidavit from the defendant, Susan Middleton and two other persons involved with the regular mail practices of the defendant.

On March 25, 1975, the plaintiff filed a memorandum contra to the motion for relief from judgment, attaching a number of exhibits thereto. On March 27, 1975, the trial court issued a memorandum entry denying defendant's motion without an opinion.

We first consider under what circumstances service by certified mail is binding on the defendant where the certified mail return receipt shows delivery to other than the named defendant, sued as an individual.

Three methods of service are recognized by Civil Rule 4.1. They are service by certified mail, personal service and residence service. Personal service is accomplished by "in hand" service upon the defendant. Residence service, pursuant to Civil Rule 4.1(3), is accomplished by leaving a copy of the process and the complaint "with

some person of suitable age and discretion then residing therein." Rule 4.1(1) dealing with service by certified mail does not indicate at which point certified mail constitutes valid service. The staff note to amended Rule 4.1(1) implies that valid certified mail service may be accomplished by delivery to other than the defendant. We note that the rule does not specifically so state nor does the rule provide any guidelines as to when service by certified mail is valid, such as in the case of residence service with the designation of "with some person of suitable age and discretion then residing therein."

If we postulate from the staff note to Civil Rule 4.1(1) that there are circumstances, albeit unidentified, where service of process by certified mail is valid, notwithstanding no showing of delivery to the named defendant, what are those circumstances? The Federal Rules of Civil Procedure make no specific provisions for service by certified mail. However Fed. R. Civ. P. 4 does establish a standard for valid service where delivery of process is made upon other than the named defendant sued as an individual, by stating:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint *to an agent authorized by appointment or by law to receive service of process.*" (Emphasis added.)

We find that the above cited federal rule meets due process standards by requiring that the service binding the individual defendant be upon an agent authorized by appointment or by law to receive service of process. In view of the silent nature of Ohio Civil Rule 4.1(1), we find no authority for enlarging the scope of valid service be-

yond the due process safeguards found in the limitations imposed by the Federal Rules of Civil Procedure. Accordingly, we find that certified mail service under the provisions of Civil Rule 4.1(1), where used to serve a defendant being sued as an individual, is valid only when the documents involved are delivered to the defendant, or delivered to a person authorized by appointment or by law to receive service of process.

Where there is an alleged service of process on an individual by certified mail delivered to another person and no subsequent general appearance entered by the individual defendant, but rather, as in this case, an attack is made upon such service as being insufficient to obtain jurisdiction over the individual defendant, the sole judicial inquiry is whether the person actually accepting delivery of the certified mail was "an agent authorized by appointment or by law to receive service of process."

We reject the notion that the judicial inquiry should extend to the question of whether the defendant received, through the person served, the service of process, notwithstanding the absence of the specific agency to receive the service of process. *See United States* v. *Marple Community Record, Inc.* (E. D. Penn. 1971), 335 F. Supp. 95, 102.

Thus, we conclude that the service of process in the instant case is valid only upon a judicial finding that Sue Middleton was an agent authorized by appointment or by law to receive service of process. Clearly, there is nothing presented in this record to demonstrate that Sue Middleton was authorized *by law* to receive service of process. Accordingly, on the claim that the judgment is void for lack of service, the narrow question presented to the trial court on the motion for relief from judgment is whether Sue Middleton was an agent authorized *by appointment* to receive service of process, thereby binding the defendant.

Having concluded that due process limits valid service of process by certified mail on a person other than a defendant sued as an individual to those situations where the person so served is an agent authorized by appointment or by law to receive service of process, we turn now to a

review of the federal decisions interpreting and applying the phrase "an agent authorized by appointment * * * to receive service of process." The federal decisions uniformily hold that the mere fact an agency exists between the person served and an individual defendant is insufficient to establish an agency for the purpose of receiving service of process. Rather, the federal decisions uniformily hold that the person so served must be specifically authorized to receive service of process. See *Nelson* v. *Swift* (D. C. Cir. 1959), 271 F. 2d 504; *Schwartz* v. *Thomas* (D. C. Cir. 1955), 222 F. 2d 305, 308; *Ransom* v. *Brennan* (C. A. 5, 1971), 437 F. 2d 513; *Apex Pool Equipment Corp.* v. *Ventian Pools Inc.* (S. D. N. Y. 1971), 52 F. R. D. 48; and *United States* v. *Marple Community Record Inc., supra.*

We agree with the "specific authorization" holding found in the federal decisions and apply the specific authorization concept to service by certified mail pursuant to Civil Rule 4.1(1), where served upon a person other than the defendant sued as an individual.

We now consider the affidavits filed by the defendant in support of his motion for relief from judgment and the opposing memorandum filed by the plaintiff. The defendant's affidavit denies receipt of the service of process and further denies that he authorized Susan Middleton to act as his agent for such service. Susan Middleton, by her affidavit, admits that she received the certified mail but in agreement with the defendant's affidavit, denies that she was ever authorized to receive service of process on behalf of the defendant. Susan Middleton is a part time employee working at a store operated by a corporation of which the defendant is the president. The defendant indicates by his affidavit that he did not have his office at the address where the certified mail was delivered.

The plaintiff's memorandum had attached to it a copy of the lease between the plaintiff and the defendant. The lease provided for the mailing of all notices in connection with the lease to the defendant at the address where the certified mail was delivered. Further, the plaintiff contended that other mailings to the defendant at the address used for

the certified mail had apparently been delivered to the defendant without difficulty. However, the plaintiff did not file an affidavit or affidavits challenging the factual declarations of the defendant and Susan Middleton to the effect that Susan Middleton was not an agent authorized by appointment to receive service of process. The plaintiff's reliance upon the lease provision containing the address for the sending of notices regarding the lease is insufficient to establish the fact of agency as between the defendant and Susan Middleton. If such an agency for the service of process is to be contained in the contract or a lease, it must be specific and unambiguous. See *Apex Pool Equipment Corp.* v. *Ventian Pool Inc., supra.* The fact that previous mailings were apparently received by the defendant is insufficient to establish Susan Middleton as an agent authorized by appointment to receive service of process.

In conclusion, we find that the affidavits filed by the defendant in support of his motion for relief from judgment are unchallenged by the plaintiff as to the absence of a specific authorization for Susan Middleton to receive service of process on behalf of the defendant. Thus, the sole assignment of error is sustained.

We reverse the judgment of the Court of Common Pleas of Licking County denying the defendant relief from judgment under Civil Rule 60(B). Pursuant to App. R. 12(B), we enter the judgment the trial court should have entered vacating the default judgment for want of jurisdiction over the person of the defendant.*

PUTMAN, J., concurs.

RUTHERFORD, P. J., concurs in the judgment only.

RUTHERFORD, P. J., concurring in the judgment only. I concur insofar as the majority opinion finds that service of process by certified mail pursuant to Civil Rule 4.1(1) to be valid must be received by the individual sought to be

---

*The plaintiff's right to proceed on his original complaint will require valid service of process upon the defendant.

served or by an agent authorized to receive such service of process, for the reason that had it been intended that service by certified mail could be affected by delivery not only to the person to be served or an agent of such person authorized to receive such process, but also as specifically provided under Rule 4.1(3), with reference to resident service, by delivery to some person of suitable age and discretion at the point of delivery, then such a like provision would have been inserted in Rule 4.1(1) providing for receipt of service by certified mail by some person of suitable age and discretion.

For the foregoing reasons, I concur in the judgment rendered by this court, for although the certified mail was delivered at the address given by defendant in the lease, such service by certified mail, which was not received by the defendant or an agent authorized to receive such service of process, is insufficient to confer jurisdiction over the person of the defendant, who has not filed an answer or otherwise entered an appearance.

The logic of the rule as promulgated arises from the fact that in most cases the delivery of process by certified mail becomes effective and affords an efficient and less expensive means of acquiring jurisdiction over the person, while at the same time, under the provisions of App. R. 12(B) or Civ. R. 60(B)(5), depending upon whether a motion is made before or after judgment, relief is afforded persons over whom necessary jurisdiction of the person has not been acquired.