AKRON-CANTON REGIONAL AIRPORT AUTHORITY, APPELLANT, v. SWINEHART ET AL., APPELLEES.

[Cite as Regional Airport Authority v. Swinehart (1980), 62 Ohio St. 2d 403.]

(No. 79-489—Decided June 25, 1980.)

404

*Messrs. Musitano & Haney* and *Mr. Thomas S. Haney,* for appellant.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. John M. Glenn* and *Mr. Joseph F. Hutchinson, Jr.,* for appellees.

PAUL W. BROWN, J.  The sole issue before this court is whether service of process was effectively made upon the appellees. In resolving this issue we look first to Civ. R. 4.1(1), governing service by certified mail.[1] The rule speaks primarily

---

[1] R. C. 163.07 provides that notice to a landowner in appropriation cases shall be made in the manner of service of summons in civil actions. Civ. R. 4.1(1) is the applicable provision in this cause. It provides, in pertinent part:

"Service of any process shall be by certified mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. He shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. He shall affix adequate postage and place the sealed envelope in the United States mail as certified mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered."

to *how* service shall be made, rather than *where,* or *to whom* process may be served. In drafting these rules it was believed that due process should determine the parameters for proper service rather than create unduly restrictive rules prohibiting otherwise constitutionally permissible service. Although the flexible nature of due process prevents hard and fast rules, we have attempted to clarify what is permitted under the rule.

In *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 110, this court stated that:

"It should also be noted that certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery. Prior to its amendment in 1971, Civ. R. 4.1(1) stated that '***if the return receipt shows failure of delivery *to the addressee* the clerk shall forthwith notify, by mail, the attorney of record***.' (Emphasis added.) However, the above-italicized words were subsequently deleted, evidencing an intent to avoid the impression that certified mail, to be effective, had to be delivered to and signed by the addressee only. The above considerations, and the recognition that a need for actual notice would be contradictory to modern service requirements, represent persuasive arguments for the rejection of appellants' position."

Although *Castellano* authorizes service upon someone other than the named addressee, thus dealing with the question of *who* may be served, it does not speak to the issue of *where* service by certified mail may be sent. This court has recently dealt with that issue, holding that certified mail notice served at property used solely for investment (*i.e.,* rental) purposes, where the residence address of the individual sought to be served was known, did not meet the requirements of due process. *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333. The situation in this instance, however, is distinguishable. Here, also, service was attempted at a place other than the residence of the persons sought to be served, but, in this cause, business was being carried on at the address where certified mail service was made. While Civ. R. 4.1 does not specifically provide for such service, neither does it prohibit service at a business address. Thus, the question is raised whether due process proscribes service by certified mail to individuals at their

business address. In reply, we turn to the standard enunciated in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, at page 314, as follows:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice *reasonably calculated,* under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Emphasis added.) See *In re Foreclosure of Liens, supra.*

So long as service is "reasonably calculated" to reach interested parties, then the service is constitutionally sound. Accordingly, it is not necessary that service be attempted through the most likely means of success—ordinarily residence service; it is sufficient that the method adopted be "reasonably calculated" to reach its intended recipient. We believe therefore that certified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated.

This position does not reflect a relaxed adherence to due process rights. Indeed, we look suspiciously at any service attempted by means falling short of that most likely to achieve success. There are inherently greater risks involved in attempting certified mail service at a business rather than at a residence by virtue of the oftentimes numerous intermediate, and frequently uninterested, parties participating in the chain of delivery. The federal rule reflects the concern we should have in authorizing this type of service.[2] We believe that the

---

[2] The Federal Rules of Civil Procedure do not specifically provide for certified mail service. Fed. R. C. P. 4, however, does restrict service where delivery of process is to be made on someone other than the individual named defendant by stating:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint *to an agent authorized by appointment or by law to receive service of process.*" (Emphasis added.)

The requirements of the federal rule were engrafted upon the Ohio rule in the case of *Southgate Shopping Center Corp.* v. *Jones* (1975), 49 Ohio App. 2d 358. Our decision

best course of action, however, is not to entirely foreclose service to individuals at their business address, but rather to examine each case upon its particular facts to determine if notice was reasonably calculated to reach the interested party.

In the instant cause service was not made in a manner "reasonably calculated" to reach appellee Sengpiel. He did not maintain an office on the premises of the business where he was attempted to be served. His principal place of business was in fact in another city. Affidavits demonstrate that Sengpiel only sporadically visited the business where service was attempted, usually two or three times per month. Service at this business address under these circumstances simply does not comport with due process.[3]

Due to the fact that service was invalid as to appellee Sengpiel, the service of process upon appellee Swinehart need not be examined. The appropriation sought by appellant was of property owned jointly by the appellees, each owning an undivided one-half interest. To hold service valid upon Swinehart at this point, thus allowing value to be declared on his one-half interest in the property pursuant to R. C. 163.09, and to allow immediate appropriation of this interest by appellant, could lead to inconsistent judgments concerning the jointly owned property. Sengpiel, under R. C. 163.08, may later challenge appellant's right to make the appropriation and the necessity for such an appropriation, thus creating this possibility of conflicting determinations regarding the fractional interests in the property. Cf. *Broussard* v. *Columbia Gulf Transmission Co.* (C.A. 5, 1968), 398 F. 2d 885; *Lowe* v. *Loftus* (S.D. Ga. 1970), 314 F. Supp. 620.

The trial court in this cause effectively dismissed appellant's appropriation complaint because of the problems surrounding its service. This dismissal, however, was improper

in the instant cause in effect overrules that case. Cf. Harper, Service of Process in Ohio by Certified Mail: A Critique of the Southgate Shopping Center Case, 5 Ohio Northern Univ. L. Rev. 613.

[3] We note, for the purpose of analogy, that Pennsylvania Rule of Civil Procedure 1009(b)(2)(iii) provides, in part, that service of process may be accomplished "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." See *Sharp* v. *Valley Forge Medical Center* (1966), 422 Pa. 124, 126-127, 221 A. 2d 185. Service upon appellee Sengpiel in the instant cause would not comply with this procedural rule.

since a joint answer had been filed by appellees. By filing this answer, an appearance was made and appellees consented to the personal jurisdiction of the court. See, generally, *Rauch* v. *Day & Night Mfg. Corp.* (C.A. 6, 1978), 576 F. 2d 697. Because of the invalid service the time for the answer had not begun to run until that appearance. The answer filed upon that date was therefore timely and the cause should proceed from that point. *Weaver Construction Co.* v. *District Court* (1976), 190 Colo. 227, 233, 545 P. 2d 1042, 1046.

Accordingly, the judgment of the Court of Appeals is affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.