### Schladetsch v. McCarty
*[Cite as 5 AOA 92]*

Case No. L-89-333
Lucas County, (6th)
Decided July 13, 1990

*Richard A. Shinaberry, for Appellant.*

*Gerald R. Kowalski, for Appellee.*

This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas which dismissed appellant's complaint without prejudice for failure of service.

On September 20, 1988, appellant, Robert D. Schladetsch, II, filed a complaint against appellee, Brian R. McCarty, alleging that appellee negligently operated his motor vehicle into the motorcycle owned and operated by appellant. Appellant initially attempted to serve process by certified mail upon appellee in Merrillville, Indiana. This Indiana address was obtained from the Ohio accident report. Service of process to this out-of-state address, however, was unsuccessful. Subsequently, on March 15, 1989, appellant filed an affidavit for service by publication. In the affidavit, appellant's counsel stated that appellee's residence was unknown and could not be ascertained with reasonable diligence. Thereafter, a legal notice regarding the pending lawsuit was published in the Toledo Legal News, once each week for six consecutive weeks. In response to the affidavit for service by publication, appellee filed a motion to dismiss for insufficiency of service of process.

Prior to a ruling on the motion, appellant again unsuccessfully attempted to serve appellee out of state. In addition, appellant served process and a copy of the complaint upon appellee's insurance company on March 17, 1989.

On October 17, 1989, the trial court granted appellee's motion to dismiss for insufficiency of service of process. It is from this judgment that appellant appeals asserting the following assignments of error:

"I. SERVICE BY PUBLICATION WAS PROPER TO ESTABLISH JURISDICTION OVER APPELLEE.

"II. SERVICE UPON THE APPELLANT'S [sic] INSURANCE COMPANY IS A PROPER MEANS OF SERVICE."

In his first assignment of error, appellant contends that service by publication was proper. In support of this assignment of error, appellant contends that Toledo Municipal Court records showed that in 1987, appellee was a resident of Ohio even though the Ohio traffic accident report which was made at the time of the accident showed appellee to be an Indiana resident.

Although appellant now asserts for the first time on appeal that appellee was an Ohio resident, there is no evidence in the record before us to support that assertion. Rather, the only evidence before us regarding appellee's residence is the Ohio traffic accident report. Said report indicates that:

(1) appellee's resident was in Merrillville, Indiana;

(2) appellee had an Indiana driver's license, and;

(3) the car that appellee was driving had Indiana license plates.

As stated above, the record further shows that appellant made two unsuccessful attempts to serve appellee at two separate Indiana addresses. Therefore, the sole issue before us in this assignment of error is whether service by publication is proper for an out-of-state resident.

Civ. R. 4.4(A) states: "[W]hen the residence of a defendant is unknown, service shall be made by publication In actions where such service is authorized by law." Civ. R. 4.4(A) does not distinguish between in state and out of state defendants. However, Civ. R. 4.3 specifically addresses the issue of out of state service. Civ. R. 4.3 authorizes out of state service by two methods: certified mail and personal service.

R.C. 2703.20 provides, in part:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, *** makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."

The Supreme Court of Ohio has held:

"*** it is important to distinguish between procedural methods for service which specify how a party may be served such as service-by-publication or by registered mail, and procedures which may stipulate *who* may be served. See, e.g., Civ. R. 4.2. The Civil Rules do not deny the possibility of the appointment of a statutory agent. Even if, *arguendo*, R.C. 2703.20 were in conflict with the rules, this court has recognized that in such a case special statutory proceedings are express exceptions to the Civil Rules. Civ. R. 1(C)(7)." *Anson v. Tyree* (1986), 22 Ohio St. 3d 223, 225.

As noted above, Civ. R. 4.3 specifically sets out the methods of service to be used on out-of-state residents. Since appellee resided out of state, appellant properly attempted service by certified mail. When two attempts to serve appellee by certified mail proved unsuccessful, appellant should have perfected service on appellee's statutory agent, the Secretary of State, using one of the methods provided for in Civ. R. 4.3. In sum, Civ. R. 4.4 which provides for the method of service by publication, is not an alternative method of service for cases involving out of state residents. Accordingly, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant contends that service upon appellee's insurance company was a proper means of service. Appellant contends that the insurance company could act as appellee's agent since the company had a duty to defend appellee. Although this issue was not raised below, this court, in the interest of justice, will review appellant's argument.

When service is sought on an individual, service can be successfully made upon someone other than the named addressee. *Authority v. Swinehart* (1980), 62 Ohio St. 2d 403, 405. Regarding proper service on individuals, the United States Supreme Court has set forth the following standard:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice *reasonably calculated,* under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 406 citing *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314.

In the *Swinehart* case, *supra,* the Supreme Court of Ohio held that in general, service upon an individual's business address meets the requirement of due process. However, the court found that because the appellees did not maintain an office at their business address and because their visits to the business address were sporadic at best, service of process on the business address was not "reasonably calculated" to reach appellees. The court further held that:

"There are inherently greater risks involved in attempting certified mail service at a business rather than at a residence by virtue of the oftentimes numerous intermediate, and frequently uninterested, parties participating in the chain of delivery." *Id.*

In the case at bar, we initially note that appellee's insurance company was not a named party to this action. As to the adequacy of service in this case, there is no evidence that appellee had frequent contacts, if any contact, with his insurance company. Nor is there any evidence to support appellant's assertion that State Farm had the authority to act as appellee's agent. Based on the record before us, we can only assume that appellee's relationship to his insurance company was as a policyholder, nothing more and nothing less. Accordingly, we find that service upon State Farm was not "reasonably calculated" to apprise appellee of the action against him and appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas

County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., RESNICK, J., concur.