[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John Wehby, M.D., appeals from the order of the Hamilton County Court of Common Pleas overruling his motion either to vacate a default judgment for lack of jurisdiction or to grant him relief from the judgment pursuant to Civ.R. 60(B)(5). We affirm.
In 1992 or 1993, Wehby opened a medical practice on Beechmont Avenue in Cincinnati, Ohio. He treated plaintiff-appellee Anthony Ward on various occasions between 1992 or 1993 and 1997. Wehby claims that, in 1997, he "retired" from the practice of medicine. However, his listing in the business pages of the telephone book in 1997, 1998 and 1999 indicated that he was still in practice. He did not have his office phone disconnected. He did not inform Ward or any of his other patients that he had retired. He did not remove the sign that advertised his practice in front of the Beechmont Avenue office, and a marker next to the door of the Beechmont Avenue property read "John Wehby, M.D." Wehby continued to receive mail at that address.
Wehby claims that he stopped seeing patients on a regular basis in 1997 and that he used the Beechmont Avenue office only for storage of his antiques. He was aware that mail continued to be delivered there, but he stored the mail, unopened, in one of the rooms of the office. At some point, he hired a person to sort through the mail, to remove any checks written to him, and to discard the rest of the mail unread.
Anthony Ward and his wife, through their counsel, sought the release of Ward's medical records in 1997. Wehby never responded to their letter. In 1998, counsel for the Wards filed a claim for medical malpractice and loss of consortium against Wehby, attempting to serve Wehby at the Beechmont Avenue address by certified mail. The certified mail was returned unclaimed. The Wards' counsel then served the complaint by ordinary mail. That mail was not returned.
Wehby failed to respond to the complaint. The trial court entered a default judgment in favor of the Wards in the amount of $600,000 on May 27, 1999.
On June 21, 1999, Wehby filed a motion to vacate the judgment for lack of proper service or to grant Civ.R. 60(B) relief from the judgment. The motion was heard by a magistrate of the lower court on September 7, 1999. His decision denying the motion was adopted by the trial court on November 4, 1999.
In the only assignment of error raised on appeal, Wehby asserts that the lower court erred by adopting the decision of the magistrate. We are unpersuaded.
Wehby claims that service of process was never properly completed and that the trial court therefore lacked jurisdiction to enter the default judgment. Service of process may be made at an individual's business address so long as such service complies with the requirements of due process.[1] Where service is reasonably calculated to reach the party to be served, the service is constitutionally sound.[2] Thus, it has been held that certified mail service, sent to a business address, complies with the mandates of due process if the circumstances are such that successful notice of the pending action can be reasonably anticipated.[3]
Wehby had maintained an active practice at the Beechmont Avenue address for approximately five years prior to the filing of the complaint and service of process. Wehby testified that he decided to retire from the practice of medicine in 1997, but he retired without notifying his patients, including the Wards. He continued to maintain signs outside of the office and telephone listings for his medical practice, and he purposely ignored all the mail that was delivered there. At the time service was sent to the Beechmont Avenue address, the Wards could have "reasonably anticipated" that Wehby would be notified of the pending action. The Wards had no way of knowing that he no longer maintained a regular presence at the business address or that he allowed mail to be delivered there without opening it.
The fact that Wehby had actually stopped practicing medicine at the Beechmont Avenue office, without more, did not deprive the trial court of jurisdiction Because Wehby took no steps to notify his patients in particular or the public in general that he no longer maintained a regular presence at the office, his intermittent presence did not preclude-ordinary mail service from being reasonably calculated to notify him of the pending complaint.
Finally, Wehby claims that service at the office address was improper because the Wards were aware of his residence address and never attempted to serve him at that address. As we have indicated above, however, they were not required to do so, even if they were aware of his residence address,[4] so long as the method of service that they chose was reasonably calculated to apprise Wehby of the action. We have held that it was.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See Akron-Canton Regional Airport v. Swinehart (1980),62 Ohio St.2d 403, 406 N.E.2d 811, syllabus.
[2] See Swinehart at 406, 406 N.E.2d at 814.
[3] See id.
[4] It is not at all clear from the record that the Wards wereaware of Wehby's home address. Wehby testified that he hadinformed Anthony Ward of his home address so that Ward coulddeliver something to Wehby's house. However, the fact that Wehbyhad once in five years told Ward where he lived did not mean thatWard knew Wehby's home address at the time the complaint wasfiled.