DECISION AND JUDGMENT ENTRY
This accelerated appeal is from the September 26, 2001 judgment of the Sandusky Municipal Court, which denied the Civ.R. 60(B) motion of appellant, Cecil Weatherspoon, to vacate a default judgment rendered against him. Because we find that the trial court did not abuse its discretion when it denied the motion to vacate, we affirm the judgment of the trial court.
Appellant presents the following three assignments of error on appeal:
 "I. A TRIAL COURT LACKS IN PERSONAM JURISDICTION OVER A PARTY WHERE THAT PARTY WAS NEVER PROPERLY SERVED WITH THE SUMMONS AND COMPLAINT AND NEVER WAIVED THE DEFENSE OF FAILURE OF SERVICE.
 "II. A TRIAL COURT IMPROPERLY GRANTS DEFAULT JUDGMENT IN FAVOR OF A PLAINTIFF WHEN THE DEFENDANT APPEARS FOR A SCHEDULED HEARING TO DEFEND AGAINST THE CLAIMS OF PLAINTIFF.
 "III. A TRIAL COURT IMPROPERLY DENIES A MOTION FOR RELIEF FROM JUDGMENT WHERE A DEFENDANT SHOWS A MERITORIOUS DEFENSE AND IS ENTITLED TO RELIEF UNDER ONE OF THE GROUNDS STATED IN CIV.R. 60(B) AND (1) THROUGH (5) AND TIMELY FILES SUCH MOTION WITH THE TRIAL COURT."
Appellee, Susanna Grieger, filed a complaint in the Sandusky Municipal Court, Small Claims Division. She hand wrote the defendants names as: "Cecil Weatherspoon and Flex-Tech Professional Services, Inc," followed by a single address. She alleged that:
 "Defendants, Cecil Weatherspoon and Flex-Tech Professional Services, Inc. owe Plaintiff, Susanna Grieger, wages in the sum of 1,230.77 for the pay period of December 28, 1998 through January 8, 1999, plus interest at the rate of ten percent, costs incurred in bringing this action and any other compensa-tion this Honorable Court deems appropriate."
Service was made by certified mail, return receipt requested, upon appellant, individually, at the address listed in the complaint. While the return receipt was signed illegibly, it clearly was not appellant's name.
No answer was filed to the complaint. The magistrate's decision granting appellee a default judgment against both defendants was approved by the municipal court judge. Because the defendants failed to satisfy the judgment, garnishment proceedings were initiated against them. Appellant filed a request for the hearing on the garnishment proceedings alleging that he was never Grieger's employer and that he was not employed by Flex-Tech Professional Services, Inc. Following a hearing, the court found that the statutory requirements for garnishment proceeding had not been met and terminated the garnishment proceedings against appellant.
Appellant also filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Appellant argued that he had a meritorious defense to the original small claim brought by appellee because he was not her employer and therefore cannot be personally liable for the payment of any unpaid wages owed to her. Appellant also argued that Flex-Tech Professional Services, Inc. had a meritorious defense to the original default judgment, even though Flex-Tech Professional Services, Inc. was not listed as a movant seeking to have the default judgment vacated. For instance, appellant alleged that Grieger was not entitled to the disputed wages from Flex-Tech Professional Services, Inc. because she violated her employment contract with that company.
Appellant argued that he was entitled to relief pursuant to Civ.R. 60(B)(5) because the default judgment imposed undue hardship on him and the granting of his motion to vacate would not impose undo hardship on Grieger because she was not entitled to have him pay her wages. He said that the court should find excusable neglect on his part because he was unavoidably out of town on the date the small claims division held the hearing on Grieger's original complaint. He said he sent a representative to inform the court as to why he could not be present, but the representative arrived ten minutes after the hearing was scheduled and was told the default judgment was already entered.
Appellant attached an affidavit from the operations manager of Flex-Tech Professional Services, Inc. to his motion to support his assertions. The affiant averred that he had arrived at the courthouse ten minutes late. He was directed to a courtroom by a clerk when he arrived at the courthouse, but found the courtroom empty. A second clerk in the courtroom telephoned the small claims division clerk and sent the representative back to that office. When he returned to the small claims office he was told that he had arrived too late and that the court had already made a decision.
The affiant said he contacted legal counsel that same day and was told "no relief was obtainable after this judgment was entered in this pending matter." The affiant said that the assessment of legal counsel was relied upon by "defendant and Flex-Tech" until garnishment papers arrived and new counsel informed them that good defenses to the claim existed.
Appellant concluded his memorandum in support of his motion to vacate the default judgment by arguing that his motion was timely filed. He said that his legal counsel at the time the default judgment was entered told him there was no possibility of legally overturning the default judgment. He said he relied upon that advice until he was advised by new counsel that he could ask the court to vacate the default judgment. He alleged that his motion was timely because he was filing it within two weeks of receiving notice of garnishment proceedings.
Grieger filed a response to the motion to vacate filed by appellant. Grieger argued that appellant should have filed a direct appeal from the default judgment, and that he could not substitute a Civ.R. 60(B) motion for a timely direct appeal.
The trial court then filed an order in which it said:
 "This matter came on before the Court upon Defendant's Motion to Vacate this Court's prior judgment. Upon having considered the briefs filed by the parties, the Court finds that the Plaintiff's Motion to Vacate the Judgment is not well taken. Therefore, the Court hereby denies same."
Appellant then filed this appeal.
In support of his first assignment of error, appellant argues in essence that the trial court should have found the default judgment entered against him void because he never received proper service of the complaint since it was not sent to him at his personal residence address. He concludes that the trial court lacked jurisdiction to enter the default judgment against him because no effective service of process was made upon him and he did not appear in the case nor otherwise waive personal service.
First, we note that there is nothing in the record presented to this court on appeal to show that appellant presented this argument in the trial court. The failure to raise the issue of personal jurisdiction in a trial court waives the issue for appeal. In the Matter of Burton S. (1999), 136 Ohio App.3d 386 and Kass v. Oracle Real Estate Group (Aug. 15, 2001), Medina App. No. 3141-M, unreported.
Second, even if the issue was not waived for appeal, proper service was made upon appellant. The Supreme Court of Ohio has expressly overruled the case relied upon by appellant, Southgate Shopping Center Corp. v.Jones, 49 Ohio App.2d 358, in Akron-Canton Regional Airport Auth. v.Swinehart (1980), 62 Ohio St.2d 403, 407. The Supreme Court has ruled that service of process can be made upon an individual at the individual's business address as long as the requirements of due process are met. Id. at the syllabus. Due process requirements are met if, under the facts of the case, service of process at the individual's business address was reasonably calculated to reach the individual in question. Id. at 406-407. Appellant's filings in the trial court reveal that he did indeed receive service of process. Furthermore, appellant was aware of the hearing on the complaint because he sent someone to appear at the hearing in his place.
Accordingly, appellant's first assignment of error is not well-taken.
Appellant argues in his second assignment of error that the trial court should not have entered a default judgment against Flex-Tech Professional Services, Inc. because a representative for the company arrived at the hearing ten minutes late. He also argues that Flex-Tech Professional Services, Inc. was never properly made a party in the trial court because he was the only defendant allegedly listed in the caption of the complaint and only one summons was issued.
The notice of appeal filed in this court makes no reference to Flex-Tech Professional Services, Inc. as an appellant. In fact, Flex-Tech Professional Services, Inc. never filed a motion to vacate the default judgment against it in the trial court. Therefore, Flex-Tech Professional Services, Inc. is not a party to this appeal and appellant cannot assert the rights of another party. Appellant's second assignment of error is not well-taken.
In support of his third assignment of error, appellant argues that he met all the requirements for relief from judgment pursuant to Civ.R. 60(B) and that his motion should have been granted by the trial court. He argues that he has meritorious defenses to present: that he was never Grieger's employer and that she violated a confidentiality agreement with her employer and is, therefore, not entitled to payment of any wages from her former employer. Appellant argues that he is entitled to relief pursuant to Civ.R. 60(B)(4) or Civ.R. 60(B)(5). He further argues that his motion for relief was timely. He says the advice from his former counsel is the "excusable reason" why he did not file a motion to vacate within one year of the time the default judgment was entered. He argues that since he filed his motion to vacate the default judgment within days of receiving a garnishment notice, his motion was timely.
Ohio courts apply a three-part test to determine whether a party is entitled to relief pursuant to Civ.R. 60(B). The moving party must show: (1) a meritorious claim or defense if relief is granted; (2) entitlement to the relief under Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's decision to grant or deny a motion to vacate will not be overturned on appeal unless the appealing party shows that the trial court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77.
We begin by examining whether appellant's motion for relief was timely filed. Appellant filed his motion to vacate more than two years after the entry of the default judgment. He argues that his first legal counsel's advice that appellant had no legal recourse to challenge the default judgment constitutes excusable neglect. He also argues that the time should be measured from the time he was served with garnishment proceedings rather than from the date the default judgment was entered against him. He argues that is when he first learned, from new counsel, that he had meritorious defenses he could have raised to defeat the default judgment.
First, "[t]he time limitation of Civ.R. 60(B) clearly begins from the judgment from which relief is sought." In the matter of: The Estate ofDiez (Apr. 13, 2001), Trumbull App. No. 2000-T-0064, unreported at 9. Therefore, the time for filing the motion to vacate began in this case when the default judgment was entered against appellant.
Second, while the time limit of one year for filing a motion to vacate applies only to motions brought pursuant to Civ.R. 60(B)(1) through (3), a movant seeking relief pursuant to Civ.R. 60(B)(4) or (5) must show that the delay in filing a motion for relief was reasonable.
Appellant argues that the delay in his filing a motion for relief was reasonable, because he had excusable neglect caused by his reliance upon erroneous legal advice from his first attorney. First, we note that the Supreme Court of Ohio has held as a general rule that "* * * the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." GTE Automatic Elec., Inc. v. ARC Industries, Inc.,supra at paragraph four of the syllabus. Second, Ohio courts have consistently refused to apply Civ.R. 60(B)(5) in cases involving an attorney's neglect of a matter where relief would not be available pursuant to Civ.R. 60(B)(1). See, e.g., Brown v. Akron Beacon JournalPub. Co. (1991), 81 Ohio App.3d 135, 140-142; Office v. Office (Aug. 24, 2001), Montgomery App. No. 18693, unreported; Mayor v. WCI Steel, Inc. (Mar. 16, 2001), Trumbull App. No. 2000-T-0054, unreported; and SelectMachine Tool, Co. v. CMH, Inc. (June 11, 1987), Franklin App. No. 86AP-1049, unreported. Upon a review of these cases, we find that just as a client may not claim excusable neglect due to an attorney's erroneous actions, a client may not claim that an attorney's erroneous advice excuses his delay in filing a motion to vacate. To permit this excuse for an untimely motion to vacate would be against the established policy in Ohio that a Civ.R. 60(B) motion may not be used to circumvent the time limits for an appeal. See Select Machine Tool, Co. v. CMH,Inc., supra.
We therefore conclude that the trial court did not abuse its discretion when it denied appellant's motion to vacate because the motion was untimely. Appellant's third assignment of error is not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.,Mark L. Pietrykowski, P.J. George M. Glasser,J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.