ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral argument of counsel.
{¶ 2} Plaintiff-appellant Paul Porter appeals the trial court's dismissal of his claims against defendants-appellees Eugene E. Rose and Greater Cleveland Regional Transit Authority ("RTA") for want of prosecution. For the reasons below, we reverse the trial court's decision.
{¶ 3} Porter commenced this action by filing a civil complaint against Rose, as an individual, and John and Jane Doe of RTA, sued in their "official and individual capacities."
{¶ 4} The initial attempts to serve both Rose and RTA via certified mail were refused. Porter next served both parties by regular mail, but the docket reflects this service was also "refused."
{¶ 5} Initially, neither defendant filed an answer to the complaint, and, therefore, a default hearing was scheduled.
{¶ 6} On August 22, 2000, Porter, who was imprisoned during the course of this matter, filed a petition for writ of habeas corpus ad testificandum requesting that the court issue an order requiring him to be brought before the court so that he could be present at a scheduled default hearing.
{¶ 7} On August 25, 2000, Porter filed a motion to continue the August 31, 2001 default hearing. The motion notified the court that Porter could not be present due to incarceration.
{¶ 8} On September 7, 2000, the trial court issued an order finding that the defendants were properly served. Rose then filed an answer to Porter's complaint. In the memorandum in support of Rose's leave to file the answer, counsel argued that RTA had not been properly served. However, RTA did not file its own motion or answer.
{¶ 9} On October 5, 2000, a case management conference was held at which the dates of the final pretrial and trial were set. Porter filed a notice of address change, providing the court with his new address at the Southern Ohio Correctional Facility in Lucasville, Ohio.
{¶ 10} On November 15, 2000, Porter filed a motion for appointment of counsel, again, advising the court of his status of imprisonment. This motion was denied.
{¶ 11} Porter did not appear for the final pretrial held on March 28, 2001. The trial court's April 11, 2001 journal entry warned: "[p]arties are expected to appear for court dates or sanctions may be imposed including dismissal for want of prosecution." In its April 11, 2001 journal entry, the trial court reset the trial date due to Porter's failure to appear and advised that the case would be dismissed for want of prosecution if he failed to appear on the new date. On May 14, 2001, the trial court dismissed Porter's case, with prejudice, for want of prosecution.
{¶ 12} Porter raises the following assignments of error on appeal:
 I. {¶ 13} THE TRIAL COURT ERRONEOUSLY DENIED THE PLAINTIFF-APPELLANTS, MOTION FOR APPOINTMENT OF COUNSEL.
 II. {¶ 14} THE TRIAL COURT'S ERROR IN NOT RULING ON PLAINTIFF-APPELLANTS MOTION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM.
{¶ 15} On the surface, Porter's assignments of error fail. The first assignment of error fails because in a civil case between individual litigants, there is no constitutional right to representation. Roth v. Roth (1989), 65 Ohio App.3d 768. Thus, the trial court did not err in denying Porter's request to have counsel appointed.
{¶ 16} In regard to the second assignment of error, although the trial court did not rule on Porter's motion for writ of habeas corpus ad testificandum, it rendered the motion moot by dismissing the case for want of prosecution. The trial court's action was not in error because it had wide discretion in determining whether to permit a person detained to appear as a witness. See McDermott v. Lynch (Feb. 25, 1993), Cuyahoga App. No. 64119, citing, In Re Colburn (1987), 30 Ohio St.3d 141. Furthermore, a prisoner does not have an absolute right to an issuance of this type of writ. Id.
{¶ 17} However, despite the wording of Porter's assignments of error, the crux of the argument set forth in his brief is that the trial court abused its discretion by dismissing his case despite his diligent efforts to prosecute his claims.
{¶ 18} Because of his incarceration, Porter could not personally attend the hearings set by the trial court. Further, because he exercised his right to proceed pro se, he did not have counsel to appear on his behalf. Thus, as argued by Porter in his brief, we question whether a trial court may dismiss a civil complaint from an incarcerated pro se defendant without first considering other methods of providing the complainant access to the courts.
{¶ 19} This exact issue was addressed by this court in Freeman v.Kimble-Freeman, (Nov. 29, 2001), Cuyahoga App. No. 79287, in which we held that the "[d]ismissal of a pro se inmate's complaint for want of prosecution where no means of appearance is available is an abuse of the trial court's discretion." Id.; Ciecierski v. Scott, (May 2, 1996), Cuyahoga App. No. 69740, citing, Laguta v. Serieko (1988),48 Ohio App.3d 266, 549 N.E.2d 216. There was no means of appearance available for Porter. Further, the trial court failed to consider less drastic alternatives before dismissing Porter's case with prejudice.
{¶ 20} Accordingly, Porter's appeal has merit, and we are inclined to vacate the trial court's order dismissing Porter's complaint and remand this cause to the trial court for further proceedings.
{¶ 21} However, pursuant to App.R. 3(C)(2), Rose raises two separate arguments in support of the trial court's dismissal. The first argument presents a jurisdictional issue, which we address below:
 I. {¶ 22} THE TRIAL COURT SHOULD HAVE DISMISSED THE PRESENT COMPLAINT BASED NOT ON FAILURE TO PROSECUTE, BUT ON THE BASIS OF PLAINTIFF-APPELLANT'S FAILURE TO OBTAIN PROPER SERVICE ON ANY PARTY DEFENDANT.
{¶ 23} Through the appellee brief filed on Rose's behalf, RTA argues that it was never properly made a party to the instant suit. We disagree.
{¶ 24} The caption of the complaint lists "John Doe(s) and Jane Doe(s), Greater Cleveland Regional Transit Authority * * * Sued in their official individual capacities." The body of the complaint alleges that Porter was discriminated against by Rose, an RTA bus driver.
{¶ 25} Pursuant to Civ.R. 4.1(A) and Civ.R. 4.2(F), Porter attempted to serve John and Jane Doe, as representatives of RTA, by certified mail at the RTA offices. Upon RTA's refusal of the certified mail service, Porter served RTA by regular mail pursuant to Civ.R. 4.6(C). Thus, RTA was properly served.
{¶ 26} Rose also argues that he was not properly served. Again, Porter attempted to serve Rose, individually, by certified mail at the RTA offices. Upon Rose's refusal of the certified mail service, Porter served Rose by regular mail pursuant to Civ.R. 4.6(C).
{¶ 27} "[A] complaint can be served at an individual's business address pursuant to Civ.R. 4.1(1) if that service comports with the requirements of process." Artino v. Artino (Feb. 17, 1993), 9th Dist. No. 15743, citing, Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403, syllabus. "In order to comport with due process, service must be reasonably calculated to apprise the party of the pendency of the action." Id.
{¶ 28} The Swinehart court explained: "[w]hile Civ.R. 4.1 does not specifically provide for such service, neither does it prohibit service at a business address." Swinehart, 62 Ohio St.2d 403.
{¶ 29} As stated in Council v. Wilson (May 17, 2001), Cuyahoga App. No. 78083, "it is sufficient that the method adopted be reasonably calculated to reach its intended recipient. * * * Thus, a complaint is to be served at an address where there is a reasonable expectation that service will be accomplished."
{¶ 30} Here, the record supports a finding that it was reasonable for Porter to expect that service on Rose, an RTA employee, would be perfected at the RTA office. The reasonableness of Porter's expectation is supported by the fact that counsel for Rose received notice of the August 31, 2000 default hearing and filed an answer on his behalf. Accordingly, this argument is without merit.
{¶ 31} Rose's second argument states:
 II. {¶ 32} THE APPELLATE COURT SHOULD GRANT DISMISSAL WITH PREJUDICE BASED ON THE RECORD OF THIS CASE.
{¶ 33} Based on our finding that Porter's assignments of error have merit, this argument is moot.
{¶ 34} Accordingly, because we find that the trial court erred in dismissing Porter's claim for want of prosecution, we reverse the decision and remand the matter to the trial court.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J. CONCURS; FRANK D. CELEBREZZE, JR., P.J. CONCURS INJUDGMENT ONLY