OPINION *Page 2 
{¶ 1} Defendant-appellant Linda S. Mozek[1] appeals from the June 6, 2008 entry of the Delaware County Court of Common denying her Motion for Relief from Judgment.
 {¶ 2} On January 23, 2003, plaintiff-appellee U.S. Bank, N.A. f/k/a Firstar, filed a complaint against Albert A. Mozek, Sr. and Linda S. Mozek (collectively "defendants") for monies owed upon a credit card account. The billing address for the account was a post office box. The complaint was served upon defendants at the post office box by ordinary mail on March 4, 2003, after certified mail was returned unclaimed. Upon motion of plaintiff-appellee, a default judgment was entered against the defendants on May 30, 2003. Plaintiff-appellee instituted garnishment proceedings in July, 2003 and then again on April 4, 2007. On April 19, 2007, defendant-appellant Linda Mozek filed a written request for a garnishment hearing to dispute the debt.
 {¶ 3} On January 10, 2008, plaintiff-appellee again instituted garnishment proceedings. Defendant-appellant Linda Mozek filed a written request for a garnishment hearing to dispute the debt on January 17, 2008 and February 26, 2008.
 {¶ 4} The record reflects that all the notice of garnishments was sent to the same post office box.
 {¶ 5} On May 30, 2008, defendant-appellant Linda Mozek filed a "Motion For Relief From Default Judgment" citing Civ. R. 12(b)(5) and Civ. R. 60(B). She generally claimed insufficiency of service of process as to the original complaint and fraud. The *Page 3 
motion was supported by her affidavit which states, in relevant part, that a former daughter-in-law opened the credit card account in her name and incurred the charges without her authority. She further averred that she never received a summons, complaint or motion for default judgment. She did not request a hearing on the motion.
 {¶ 6} On June 6, 2008, the trial court denied the motion based upon its review of the record and pleadings.
 {¶ 7} Defendant-appellant raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR RELIEF FROM DEFAULT JUDGMENT AND FAILING TO SET ASIDE AND VACATE A FINAL JUDGMENT ENTERED AGAINST DEFENDANTS ON MAY 30, 2003, WHEN DEFENDANTS DID NOT RECEIVE SERVICE OR FINAL NOTICE PRIOR TO GRANTING DEFAULT JUDGMENT.
 I. {¶ 9} This matter comes to us on the accelerated calendar. App. R. 11.1, which governs the accelerated calendar, states in pertinent part: "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Page 4 Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 11} Civ. R. 60(B) states:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered and taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 13} A party seeking relief from judgment pursuant to Civ. R. 60(B) must show, (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed. GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, syllabus 2. A failure to establish any one of these three requirements will cause the motion to be overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564;Argo Plastic Prod. Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391,474 N.E.2d 328. *Page 5 
 {¶ 14} Defendant-appellant claims that she never received notice of the action and that because personal service was insufficient, the default judgment is voidable under Civ. R. 60(B)(5).
 {¶ 15} Plaintiff-appellee asserts that service of the complaint was accomplished by ordinary mail to an address which was reasonably calculated to apprise her of the pending action which was the billing address for the account. Furthermore, the notice of the garnishment proceedings were sent to the same address which defendant-appellant undisputedly received, yet she waited for over a year after making her initial objection to the garnishment before filing her Civ. R. 60(B) motion. Therefore, plaintiff-appellee contends the motion was not timely filed.
 {¶ 16} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 406. This determination is made on a case-by-case basis. Id.
 {¶ 17} Here, the record demonstrates defendant-appellant was aware her former daughter-in-law had opened a post office box in her name. Defendant-appellant also had a key to the post office box. She does not dispute that the billing address for the card credit was same address as the post office box. She also does not dispute she received notice of the garnishment proceedings at the post office box in 2003, 2007 and 2008.
 {¶ 18} Accordingly, we find service of process to the post office box was "reasonably calculated" to reach defendant-appellant and the complaint was sent by ordinary mail in compliance with the civil rules. *Page 6 
 {¶ 19} Since defendant-appellant did not establish entitlement to relief under Civ. R. 60(B)(5), i.e., the lack of personal jurisdiction, nor that the motion was made within a reasonable period of time, the trial court did not abuse its discretion in denying her motion for relief from judgment.
 {¶ 20} Defendant-appellant's assignment of error is overruled. By: Delaney, J. Gwin, J concur, Hoffman, P.J. concurs separately
[1] Albert A. Mozek, Sr. has been improperly identified as a party to this appeal in the caption and brief filed by Defendant-appellant Linda S. Mozek. The record reflects that Albert A. Mozek, Sr. did not answer or otherwise appear in the underlying action nor did he file a notice of appeal.