[Cite as *Eastwind Surgical L.L.C. v. Fleming*, 2012-Ohio-1352.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| | : | JUDGES: | |
| EASTWIND SURGICAL LLC | : | William B. Hoffman, P.J. | |
| | : | Julie A. Edwards, J. | |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. | |
| | : | | |
| -vs- | : | Case No. CT2011-0053 | |
| | : | | |
| | : | | |
| HILDA FLEMING, et al., | : | O P I N I O N | |
| | | | |
| Defendants-Appellants | | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Muskingum County Court of Common Pleas Case No. CH2011-0269 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 26, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee                    For Defendants-Appellants

W. RICHARD YOST                      BRIAN W. BENBOW
BRIAN S. STEWART                     Benbow Law Offices
Carlile Patchen & Murphy LLP           605 Market Street
366 East Broad Street                 Zanesville, Ohio  43701
Columbus, Ohio  43215

*Edwards, J.*

{¶1} Appellants, Hilda and Russell Fleming, appeal a judgment of the Muskingum County Common Pleas Court overruling their motion to vacate a default judgment. Appellee is Eastwind Surgical, LLC.

## STATEMENT OF FACTS AND CASE

{¶2} On May 9, 2011, appellee filed the instant action against appellant for money due for medical services rendered by appellee. The complaint was served by certified mail, and the return receipt, filed with the court on May 11, shows that it was signed for by "Russell Fleming" on May 10, 2011.

{¶3} Appellants failed to file an answer and on June 23, 2011, appellee moved for default judgment in the amount of $45,305.00. The court entered default judgment in the amount of $45,305.00 on June 28, 2011.

{¶4} Appellants filed a motion to vacate the default judgment on September 1, 2011. Appellants argued that the judgment was void because they were not properly served. They argued that their 14-year-old son, Russell Fleming, Jr., signed for the certified mail and pursuant to Civ. R. 4.2, he is incompetent to receive service because he is under the age of sixteen. Attached to the motion was an affidavit of appellant Hilda Fleming, verifying that her son signed for the certified mail when he was fourteen years old. Appellee responded that appellants must produce testimony from Russell Fleming, Jr. that he did in fact sign for the complaint. On September 20, 2011, appellants filed a reply, attaching an affidavit of Russell Jr. that he did in fact sign for the complaint, and an affidavit of Hilda Fleming stating that her son signed for the complaint

and did not forward it to her attention. The trial court summarily overruled the motion to vacate on September 21, 2011.

{¶5} Appellants filed a notice of appeal on October 19, 2011, and also filed a Civ. R. 60(B) motion in the trial court on the same day, again alleging improper service and arguing that they have a meritorious defense to the action in that they were not given credit for payments they forwarded to appellee. The trial court stayed the action pending resolution of the appeal from the September 21, 2011 judgment. Appellants assign one error:

{¶6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED DEFENDANTS' MOTION TO VACATE THE JUNE 28, 2011 JUDGMENT, AS THE JUDGMENT WAS VOID AB INITIO DUE TO LACK OF PROPER SERVICE UNDER CIV. R. 4.2(A)."

{¶7} Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. *State ex rel. Strothers v. Madden* (Oct. 22, 1998), Cuyahoga App. No. 74547, 1998 WL 741909, citing *Holm v. Smilowitz* (1992), 83 Ohio App.3d 757, 615 N.E.2d 1047. There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. *Id.*, citing *In re Estate of Popp* (1994), 94 Ohio App.3d 640, 641 N.E.2d 739. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. *Westmoreland v. Valley Homes Mutual Housing Corp.* (1975), 42 Ohio St.2d 291, 293-294, 328 N.E.2d 406.

{¶8} Service by certified mail is perfected when it is sent to an address "reasonably calculated to cause service to reach the defendant." *Ohio Civ. Rights*

*Comm. v. First Am. Properties* (1996), 113 Ohio App.3d 233, 237, 680 N.E.2d 725, citing *Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406 N.E.2d 811. It is presumed that valid service of process has been made when the envelope is received by any person at the defendant's address. Id.  Pursuant to Civ. R. 4.2(A), service of process is made by serving an individual other than a person under the age of sixteen or an incompetent person.  *G.F.S. Leasing & Management Inc. v. Mack* (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390, unreported.

{¶9}  Civ. R. 4.1 is entitled "Process: methods of service."  Civ. R. 4.1(A) expressly provides that service by certified mail shall be evidenced by return receipt signed by *any* person.

{¶10} Civ. R. 4.2 is entitled "Process: who may be served."  Appellants argue that Civ. R. 4.2 limits "any person" to persons sixteen or older.  Civ. R. 4.2(A) and (B) provide:

{¶11} "Service of process, except service by publication as provided in Civ.R. 4.4(A), pursuant to Civ.R. 4 through 4.6 shall be made as follows:

{¶12} "(A) Upon an individual, other than a person under sixteen years of age or an incompetent person, by serving the individual;

{¶13} "(B) Upon a person under sixteen years of age by serving either the person's guardian or any one of the following persons with whom the person to be served lives or resides: father, mother, or the individual having the care of the person; or by serving the person if the person neither has a guardian nor lives or resides with a parent or a person having his or her care;"

{¶14} Contra to appellants' argument, we do not find that Civ. R. 4.2 makes service on an adult party to the action ineffective if signed for by a person under the age of sixteen.    Rather, Civ. R. 4.2 requires service on a parent or guardian when the person named in the lawsuit was under the age of sixteen.    Civ. R. 4.1 specifically allows service by certified mail to be signed for by any person.    Thus, in the instant case, service was not ineffective simply because the certified mail receipt was signed by appellants' fourteen-year-old son.

{¶15}  The assignment of error is overruled.

{¶16}  The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur


_____


_____


_____

JUDGES


JAE/r0105

[Cite as *Eastwind Surgical L.L.C. v. Fleming*, 2012-Ohio-1352.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EASTWIND SURGICAL LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HILDA FLEMING, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. CT2011-0053 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellants.

_____

_____

_____

JUDGES