BRUEGGEMAN, APPELLEE, *v.* BRUEGGEMAN, APPELLANT.

(No. C-860169—Decided January 14, 1987.)

*Randal S. Bloch,* for appellee.
*Edward P. Brueggeman, pro se.*

HILDEBRANDT, J. In this case we

are called upon to review the propriety of two post-decree orders of the Domestic Relations Division of the Court of Common Pleas of Hamilton County, Ohio. The record discloses that the parties were divorced pursuant to a decree of divorce entered June 22, 1981. Appellee Alison Brueggeman ("wife") was awarded custody of the minor child born to the marriage and appellant Edward P. Brueggeman ("husband") was ordered to pay child support of $65 per week. The decree is silent concerning the payment of support through the bureau of support. However, the decree reflects that the matter of support is subject to the continuing jurisdiction of the court.

Effective March 11, 1984, the order of support was reduced to $55 per week based upon the changed circumstances of the parties since the decree. That order reflects that the child support payments may be made directly and the parties agree that support payments were so made until the orders to which husband now excepts were placed of record.[1]

The record further reveals that on February 12, 1986, three orders were placed of record by the court upon its own motion: (1) an entry ordering the husband to pay as support $55 per week plus poundage through the bureau of support for a total of $56.10 per week, effective January 20, 1986; and (2) two "Child Support Provisional Orders," issued pursuant to R.C. 3113.21(B)(2), reflecting and outlining the terms of the husband's "agreement" to pay child support plus fees through the bureau of support.[2]

In his timely appeal from those orders, the husband asserts two assignments of error. In the first assignment of error, the husband urges that the trial court erred by filing the entries ordering him to pay support through the bureau of support. We are unpersuaded.

At the times pertinent to this case, R.C. 2301.36, as enacted by Sub. S.B. No. 87 (137 Ohio Laws, Part I, 167), provided in part:

"(A) Upon entering a support order, the court shall, upon the request of either party *or the court's own motion or when required by court rule,* require that support payments be made to the bureau of support as trustee for remittance to the person entitled to receive payments, except as otherwise provided in sections 2151.49 and 3113.07 of the Revised Code.

"* * *

---

[1] The parties do not agree that the support obligation was current at the time of the proceedings below.

[2] For reasons not explained in the record, the entry concerning payments to the bureau of support was placed of record again on February 20, 1986. The child support provisional order was entered a second time on February 12, 1986.

There is nothing in the record *sub judice* to indicate the stimulus for the above orders. Appellant maintains that these orders were generated by certain *ex parte* written communications from the appellee to the court below. In support of this contention, the appellant relies upon a document he has filed with this court captioned "Supplemental Notification as to Record." Attached to that pleading are copies of certain correspondence, purportedly from the appellee to the judges of the court as well as a copy of a letter from that court's administrator to the appellee. Although the appellant maintains that the originals of these letters are contained within the files of the court below, the instant record is devoid of these writings. Nor is there any certification from the clerk of that court concerning the authenticity of the attachments to the appellant's supplemental notification as to record. Accordingly, the letters are not properly before this court and they will not be considered by it. See App. R. 10, 11 and 11.1.

"(E) Any person entitled to receive support payments either personally or on behalf of another person, by reason of any support order that does not direct that payments be made to the bureau of support, may apply to the bureau for the administration of the order. Upon receipt of the application, the bureau has the same powers to administer the order as it would have had if the order had been entered under division (A) of this section. The bureau of support shall notify the obligor, by any method of service authorized under the Civil Rules, to make all support payments due after service of the notice upon him to the bureau. An obligor so notified by the bureau shall make all subsequent payments to the bureau unless the court administering the bureau, upon the obligor's application filed within thirty days after service of the notice upon him, orders the bureau not to administer the support order." (Emphasis added.)

Rule 15.1 of the Local Rules and Guidelines of Domestic Relations, Hamilton County, mandates that all court-ordered support and alimony shall be paid through the bureau of support, plus two percent poundage.

We hold that the trial court did not commit error prejudicial to the husband by ordering him, upon the court's own initiative, to pay the court-ordered child support through the bureau. Clearly, R.C. 2301.36 permitted the court to act as it did. Parenthetically, we observe that the court's prudence in issuing such an order works to the benefit of each party because thereafter each support payment will be memorialized within the records of the bureau of support so that the status of the support account will be readily ascertainable.

Accordingly, we overrule the first assignment of error.

The husband's second assignment

of error assails the court's action in entering the child support provisional orders on February 12, 1986. The assignment of error is meritorious.

The authority for such an order is found in R.C. 3113.21(B), which came into being pursuant to H.B. No. 614 (140 Ohio Laws, Part II, 4213) and became effective April 10, 1985.[3] That subsection of the Revised Code then read in pertinent part as follows:

"(2)(a) If the person who is required to pay the support under the order and the person entitled to receive support payments on behalf of the child enter a written agreement providing for a schedule of payment of the support, file a copy of the written agreement with the court, and request that the child support order be administered by the bureau of support under sections 2301.34 to 2301.41 of the Revised Code, the court shall do one of the following:

"(i) If the court determines that the person is employed, it shall issue a provisional order to the employer of the person required to pay the support indicating that the employer, upon receipt of subsequent written notice from the court, will be required to withhold from the person's personal earnings a specified amount for child support in satisfaction of the support order, for the first pay period that commences on or after the date of receipt of the subsequent notice, and to continue the withholding at intervals determined by the court in its order until further order of the court. * * *"

As we have observed above, the child support provisional orders *sub judice* relate that the husband "agreed" to pay child support and bureau of support fees. However, our review of the record clearly shows, as

_____

[3] R.C. 3113.21 was amended effective December 1, 1986.

the husband argues, that the line designated "Receipt acknowledged[;] Payor's Signature Required" is unsigned. Based upon the state of the record before us we can only conclude that the court's provisional orders did not comply with those sections or R.C. 3113.21 set forth above under which the payor's and payee's *written agreement* is a condition precedent to such an order obtaining full effect.

Accordingly, we sustain the appellant's second assignment of error. We are well aware that this is a hollow victory for the husband in light of R.C. 3113.21(C)(2) and (D) as amended effective December 1, 1986. However, the provisional orders that require the deduction of support from the husband's personal earnings were not entered of record in accordance with the laws of this state. As such, those orders are void *ab initio*.

In summary, we affirm the judgment of the court below as it concerns the husband's paying the order of support through the bureau of support. We reverse the judgment of the court below as to the child support provisional orders, and remand this cause to that court with instructions to place of record an entry whereby such orders will be abrogated.

*Judgment reversed in part and affirmed in part, and cause remanded.*

SHANNON, P.J., and KLUSMEIER, J., concur.