OPINION.
{¶ 1} Defendant-appellant Earl Robinson appeals from his conviction and sentence imposed following his guilty plea to one count of gross sexual imposition, in violation of R.C.2907.05(A)(4), and to two counts of the illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1). The state dismissed four other felony counts in exchange for Robinson's plea of guilty. Absent the plea bargain, Robinson was at risk of 39 years' imprisonment if found guilty on all counts.
 {¶ 2} At the plea hearing, Robinson admitted rubbing the breasts, buttocks, and genital area of his live-in girlfriend's then 11-year-old daughter. He also admitted to secreting a video camera in the daughter's bedroom and recording images of her in the nude. The trial court imposed the maximum sentence on each of the three remaining counts and ordered the sentences in the two illegal-use counts to be served consecutively, for a total of 16 years' incarceration.
 {¶ 3} In his third assignment of error, Robinson argues that his trial counsel's advice to plead guilty to the illegal-use counts constituted ineffective assistance of counsel. He claims that the secretly recorded videotape, the state's only evidence in support of those counts, did not reveal "nudity constitut[ing] a lewd exhibition or involv[ing] a graphic focus on the genitals," as required for a successful prosecution. See Statev. Young (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, paragraph one of the syllabus. Eleven months after the entry of judgment, and one week before Robinson filed his brief, he and the state, by stipulation, filed the videotape in this court.
 {¶ 4} Ordinarily a plea of guilty is a complete admission of the defendant's factual guilt, removing evidentiary issues from the case. See State v. Wilson (1979), 58 Ohio St.2d 52,388 N.E.2d 745, paragraph one of the syllabus. But an ineffective-assistance claim requires a review of the record before the trial court. See, e.g., Hill v. Lockhart (1985),474 U.S. 52, 106 S.Ct. 366; see, also, State v. Green,90 Ohio St.3d 352, 375, 2000-Ohio-182, 738 N.E.2d 1208.
 {¶ 5} Reversal of convictions for ineffective assistance requires that the defendant show, first, "that counsel's performance was deficient" and, second, "that the deficient performance prejudiced the defense * * * [so as] to deprive the defendant of a fair trial." See Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052; see, also, State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S. Ct. 3258; Lockhart v. Fretwell (1993), 506 U.S. 364,369, 113 S.Ct. 838. The same two-prong test applies to ineffectiveness claims resulting from guilty pleas. See Hill v.Lockhart, 474 U.S. at 58, 106 S.Ct. 366.
 {¶ 6} Robinson relies solely upon the content of the videotape to demonstrate that his trial counsel's performance was deficient. To find support for his contention would require a review of the videotape. But the videotape was not in evidence before the trial court and was not referred to at any point in the plea hearing. Accordingly, it was never part of the record in the trial court. See App.R. 9(A).
 {¶ 7} This court will not consider material not in the record and "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus; see, also, State v. Bey, 85 Ohio St.3d 487, 492, 1999-Ohio-283,709 N.E.2d 484; State Farm Fire Cas. Co. v. Condon,163 Ohio App.3d 584, 2005-Ohio-5208, 839 N.E.2d 464, at ¶ 21. "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21." State v. Coleman, 85 Ohio St.3d 129, 134,1999-Ohio-258, 707 N.E.2d 476.
 {¶ 8} The only facts properly before the trial court at the time that it accepted Robinson's plea — and thus available for our review — are those found in the indictment, the bill of particulars, and the prosecutor's statement of the facts of the offenses. Those facts are that Robinson videotaped his girlfriend's daughter in "a lewd, explicit, or graphic" manner "focusing on the genitals" in violation of R.C. 2907.323(A)(1).
 {¶ 9} As Robinson has not demonstrated that his counsel's performance fell "below an objective standard of reasonable representation," see State v. Bradley, paragraph two of the syllabus, we "must indulge [the] strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." See Strickland v. Washington,466 U.S. at 689, 104 S.Ct. 2052. The assignment of error is overruled.
 {¶ 10} Robinson's first two assignments of error, in which he argues that the trial court failed to make findings, properly supported in the record, to impose maximum and consecutive sentences, are not well taken in light of the Ohio Supreme Court's decision in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, ___ N.E.2d ___, paragraphs one, two, three, four, and seven of the syllabus. But because the sentence was based on unconstitutional statutes, under the mandate of State v.Foster, we have no recourse but to sustain the assignments of error, vacate the sentence, and remand the case for resentencing. See id. at ¶ 103 and 104.
 {¶ 11} Therefore, we affirm that portion of the trial court's judgment accepting Robinson's guilty pleas, but vacate the sentence imposed, and remand this case to the trial court for resentencing.
Sentence vacated and cause remanded.
Doan, P.J., and Painter, J., concur.