**BENEFICIAL OHIO, INC., Appellant,**

v.

**PRIMERO, L.L.C., et al., Appellees.**

[Cite as *Beneficial Ohio, Inc. v. Primero, L.L.C.,* 166 Ohio App.3d 462, 2006-Ohio-1566.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–040895 and C–060063.

Decided March 31, 2006.

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Michael L. Close, and Dale D. Cook, for appellant.

John L. McElwee, for appellee Primero, L.L.C.

Carlisle, McNellie, Rini, Kramer & Ulrich and Eric T. Deighton, for appellee Mortgage Electronic Registration Systems, Inc.

---

GORMAN, Judge.

{¶ 1} Plaintiff-appellant, Beneficial Ohio, Inc., appeals from the judgment of the trial court confirming the sheriff's sale of real property located at 11549 Lincolnshire Drive ("the property") and from an entry overruling a motion to vacate the sale. Because we find that Beneficial's right to due process was violated when defendant-appellee, Mortgage Electronic Registration Systems, Inc. ("MERS"), failed to notify Beneficial of the date, time, and place of the sale under R.C. 2329.26(A), we reverse the judgment of the trial court confirming the sale of the property and remand this cause for further proceedings.

{¶ 2} Beneficial held a second mortgage on the property in the amount of $28,668.25. It moved to foreclose on the property, naming as a defendant MERS, which held a first mortgage on the property. MERS filed a counterclaim and cross-claim, then moved for default judgment. The trial court granted MERS's motion. Thereafter, MERS filed a praecipe for order of sale, and a sheriff's sale was scheduled for November 4, 2004. MERS mailed notice of the date, time, and place of the sale to all parties of record except Beneficial. The sale proceeded as scheduled, without Beneficial's knowledge. Although the property had an appraised value of $129,000, Primero, L.L.C. ("Primero") purchased the property for $86,306. MERS received $83,760.71 from the sale, which satisfied its mortgage against the property. The remainder of the purchase price was allocated to cover court costs. Beneficial received nothing.

{¶ 3} Beneficial appealed in the case numbered C–040895. MERS did not respond to Beneficial's brief. Before the appeal was heard, we remanded the matter to the trial court for the purpose of determining a motion to vacate the entry confirming the sheriff's sale. We held Beneficial's appeal in abeyance until the trial court had ruled on the motion. On remand, the trial court allowed Primero to intervene as a defendant, and the court subsequently overruled the motion to vacate the sale. From the trial court's entry overruling the motion, Beneficial appealed in the case numbered C–060063. We have consolidated the appeals for purposes of briefing, argument, and decision.

{¶ 4} In its first assignment of error, Beneficial claims that the trial court erred in entering judgment confirming the sale and ordering distribution of the sale proceeds because Beneficial was never notified of the sale, in violation of its right to due process. In its second assignment of error, Beneficial argues that the trial court should have granted the motion to vacate the sale due to MERS's

failure to notify Beneficial of the sale. Because both assignments of error effectively challenge the trial court's judgment confirming the sale of the property, we address them together.

{¶ 5} In general, an entry confirming the sale of real estate acts as a bar to any motion requesting that the sale be set aside. R.C. 2329.27(B)(3)(b). However, we are in agreement with the Second District Court of Appeals that an exception to this rule exists when the basis for vacating the sale is a lack of notice in violation of due process. See *In re Foreclosure of Liens for Delinquent Taxes,* 2d Dist. No. 2002–CA–99, 2003-Ohio-1760, 2003 WL 1795569; see, also, R.C. 2329.27(B)(1) and 2325.03. Beneficial argues that because it did not receive written notice of the date, time, and place of the sale from MERS, its due process rights were violated and, therefore, the sale must be vacated. We agree.

{¶ 6} Due process requires that notice must be reasonably calculated, under all the circumstances, to inform interested parties of the pendency of an action and to afford them an opportunity to present their objections. *Cincinnati v. York Rite Bldg. Assn.,* 164 Ohio App.3d 591, 2005-Ohio-6771, 843 N.E.2d 250, ¶ 18, citing *In re Foreclosure of Liens for Delinquent Taxes* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, paragraph one of the syllabus. "To determine whether notice was reasonably calculated to reach an interested party, it is necessary to examine each case upon its particular facts." Id., citing *Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 16 O.O.3d 436, 406 N.E.2d 811.

{¶ 7} The notice requirements pertaining to the sale of property in a foreclosure action are set forth in R.C. 2329.26(A)(1)(a)(i). That section was amended in 1999 to provide that lands and tenements taken in execution shall not be sold until the judgment creditor who seeks the sale "[c]auses a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered." This statute codifies the due-process requirements recognized by the Ohio Supreme Court in *Cent. Trust Co. v. Jensen* (1993), 67 Ohio St.3d 140, 616 N.E.2d 873, and by this court in *Cent. Trust Co. v. Spencer* (1987), 41 Ohio App.3d 237, 535 N.E.2d 347. In *Jensen,* the Supreme Court found that "notice at least by mail is a constitutional prerequisite to a proceeding that adversely affects a property interest where the interest holder's address is known or easily ascertainable." *Jensen,* 67 Ohio St.3d at 143, 616 N.E.2d 873. *Jensen* found that due process was denied when a party with an interest in property to be sold did not receive mailed notice of the date, time, and place of the sale. Id. at 144–145, 616 N.E.2d 873. Similarly, in *Spencer,* we held that a judicial lien holder who was a party to a foreclosure action was entitled to some form of personal notice prior to the sale of

the property, and we vacated the sheriff's sale when that notice was not given. See *Spencer*, supra.

{¶ 8} In the present case, it is not disputed that Beneficial was a party to the action and that MERS was the judgment creditor who had filed the praecipe for order of sale of the property. But Primero argues that MERS did not have to provide Beneficial with notice of the sale under R.C. 2329.26(A)(1)(a)(i), because Beneficial and MERS were both judgment creditors seeking the sale of the property at issue. While Beneficial was the plaintiff in the underlying foreclosure action, Primero's argument ignores the fact that MERS, not Beneficial, moved for an order of sale. MERS is the only entity represented on the praecipe. Under these facts, we find that MERS was the judgment creditor seeking the sale of the property and, therefore, was required to inform all parties to the lawsuit of the time, date, and place of the sale.

{¶ 9} Next, Primero contends that MERS did not need to notify Beneficial of the sheriff's sale, because Beneficial neglected its duty to keep itself apprised of the status of this case. We are unpersuaded. The Supreme Court rejected a similar argument in *Jensen*, finding that a lender who had knowledge that a sale was forthcoming did not have to monitor the newspaper for notice by publication when it was reasonable for that party to expect personal notice. *Jensen*, 67 Ohio St.3d at 143–144, 616 N.E.2d 873. Unlike Beneficial, the lender in *Jensen* knew that a praecipe for order of sale had been filed by another party. Still, the court did not impose on that lender a duty to monitor the case because the lender had received personal notice in the past regarding developments in the case. Id. Given the requirements of R.C. 2329.26(A)(1)(a)(i), we find that it was entirely reasonable for Beneficial to expect to receive personal notice in the mail of the date, time, and place of the sale from the party seeking the sale. Therefore, it had no duty to monitor the case docket for this purpose.

{¶ 10} Finally, Primero argues that the postconfirmation bar contained in R.C. 2329.27(B)(3)(b) applies, because Beneficial knew that the sale had occurred before the trial court confirmed the sale. Primero claims that under those circumstances, Beneficial was compelled to move to vacate the sale prior to the trial court's journalization of the entry. We decline to address Primero's argument because the argument is not supported by the record.

{¶ 11} Primero points to certain statements in Beneficial's appellate brief as proof that counsel for Beneficial was aware that the sale had occurred before the trial court journalized its final entry confirming the sale of the property. The record does not support these statements. Nevertheless, Primero contends that the statements should be considered by the court as judicial admissions. We disagree.

■ {¶ 12} The Ohio Supreme Court has defined a judicial admission as "a distinct statement of fact which is material and competent and which is contained in a pleading." *Faxon Hills Constr. Co. v. United Bhd. of Carpenters & Joiners* (1958), 168 Ohio St. 8, 10, 5 O.O.2d 260, 151 N.E.2d 12, citing *Peckham Iron Co. v. Harper* (1884), 41 Ohio St. 100. "Admissions of facts made by attorneys during the progress of a trial are usually held to be binding on their clients, and admissions of counsel in motions or other papers filed by them in a cause are competent evidence against their clients in the same cause, providing they were made by counsel acting within the scope of their authority." *State v. Pipkins* (Feb. 9, 1996), 2d Dist. No. CA 15060, 1996 WL 50158, citing 43 Ohio Jurisprudence 3d (1983), Evidence and Witnesses, Sections 301 and 320; *Abrazonine Co. v. Eng. Co.* (1910), 17 Ohio C.C. (N.S.) 209; *Bosworth v. Terminal RR. Assn.* (1899), 174 U.S. 182, 189, 19 S.Ct. 625, 43 L.Ed. 941; see, also, *Peckham Iron Co. v. Harper*, 41 Ohio St. at 105–106. While it appears that a statement in an appellate brief could, under certain circumstances, meet this definition, we find that *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, controls in this case.

{¶ 13} In *Ishmail,* the Supreme Court held that "[a] reviewing court cannot add matter to the record before it [that] was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." Id., paragraph one of the syllabus. The cases cited above involved alleged admissions made at the trial level and, therefore, appeared in the record on review. Beneficial did not make any admission at the trial level concerning when it had received notice of the court's final entry. We note that on the court's entry confirming the sale, the words "submitted 11–23–04" are stamped above a signature block provided for Beneficial's counsel. But this, alone, does not affirmatively demonstrate that Beneficial's counsel saw or received a copy of the entry prior to the time it was journalized.

{¶ 14} When we remanded this cause to the trial court for a determination of the sale, Primero cited Beneficial's brief. But this did not cure the statement's deficiency. The trial court did not have before it any sworn testimony or other competent evidence pertaining to whether Beneficial had received notice of the sale before the court entered judgment confirming the sale.

■■ {¶ 15} We conclude that a factual statement in a brief that is unsupported by the record of the proceedings before the trial court runs afoul of *Ishmail,* supra. This court is not a fact-finding body. We review cases based only upon what occurred at the trial level, as reflected in the record of those proceedings. See *Ishmail,* 54 Ohio St.2d at 405–406, 8 O.O.3d 405, 377 N.E.2d 500. Consequently, we hold that a statement of fact contained in an appellate brief that is unsupported by the record is not binding as a judicial admission on the party that

made it. Since Primero's argument is unsupported by the record, we cannot address it. See *Ishmail,* supra.

{¶ 16} In sum, we conclude that MERS, as the judgment creditor seeking the sale of the property at issue, was required to serve Beneficial with notice of the date, time, and place of the sheriff's sale. Because Beneficial was thus deprived of its property without due process of law, we hold that the trial court erred in entering judgment confirming the property's sale. We further find that Beneficial was prejudiced by this error. See *Jensen,* 67 Ohio St.3d at 144, 616 N.E.2d 873.

{¶ 17} For the foregoing reasons, we sustain both of Beneficial's assignments of error. We reverse the judgment of the trial court confirming the sale of the property, and we remand this cause for further proceedings consistent with the law and this decision.

Judgment reversed
and cause remanded.

DOAN, P.J., and SUNDERMANN, J., concur.