DECISION.
{¶ 1} In one assignment of error, the city of Cincinnati contends that the trial court erred in granting Bryan Caulton's motion to suppress. The city is correct.
 {¶ 2} Bryan Caulton was driving a car that had darkly tinted windows and no license-plate light. Police pulled him over. Officer Lori Smith approached Caulton's car and saw him making suspicious movements in the area of the car's center console. Smith had had prior contact with Caulton — a passenger in Caulton's car had shot Smith's partner.
 {¶ 3} Police handcuffed Caulton and put him in the back of a police cruiser. Smith testified that, based on Caulton's behavior during the stop and on her prior contact with him, she decided to look inside the car's center console, suspecting that Caulton may have been hiding a gun. In the console, Smith found a small scale with white residue on it. Caulton was arrested and was later charged with possession of drug paraphernalia.
 {¶ 4} Following a hearing, the trial court granted Caulton's motion to suppress the scale from evidence. The city now appeals.
 Standard of Review {¶ 5} Our review of the trial court's judgment presents a mixed question of law and fact. Ordinarily, we accept the trial court's findings of fact if they were supported by competent, credible evidence, but we apply the applicable law de novo.[1] Here, however, the trial court's written findings of fact are not a part of the record and are only attached to the city's brief. We therefore cannot consider them.[2] But even without the trial court's *Page 3 
written decision, we conclude that the record is sufficient to allow full review of the suppression issue.[3]
 A Reasonable Search {¶ 6} The issue presented for our review is whether Smith's search of Caulton's car console was constitutional. The burden was on the city to demonstrate below that the search fell within an exception to the warrant requirement.[4] The city met its burden.
 {¶ 7} It is well settled that where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of the officer and others.[5] A protective search must be based on specific and articulable facts that, taken together with the rational inferences from those facts, reasonably warrant the officer in believing that a suspect is dangerous and may gain immediate access to weapons.[6] The search can include the interior of a car, limited to those areas where a weapon could be placed or hidden.[7]
 {¶ 8} State v. Smith[8] is similar to this case. In Smith, police had pulled over a driver for a traffic violation. The defendant exited from his car. As he did, one of the officers noticed the defendant push something under his front seat. The officer looked under the seat and found a gun. The Ohio Supreme Court held that the officer's limited search of the car was reasonable for the officer's protection.[9] *Page 4 
 {¶ 9} Here, based on her past experience with Caulton, Smith had ample reason to believe that Caulton was dangerous. This, coupled with Caulton's suspicious movements around the area of the car's center console, was sufficient to warrant Smith's belief that Caulton may have been hiding a weapon.[10] And the record reflects that Smith's search was narrowly tailored to the purpose of protecting herself — she immediately looked in the center console of the car.
 Potential Proximity {¶ 10} Caulton, of course, could not have obtained a weapon while he was handcuffed in a police cruiser. But this fact did not invalidate the search. The Second Appellate District has addressed this point specifically in State v. Holley, [11] holding that even where a suspect is out of his car, a Terry search may extend to areas in the car that would be readily accessible to a suspect upon his return to the car. We find this case persuasive.
 {¶ 11} In sum, we hold that Smith's warrantless, protective search was constitutional, and that the trial court erred in granting Caulton's motion to suppress. The city's sole assignment of error is sustained. Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., and, CUNNINGHAM, J., concur.
[1] State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583;State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, citing State v. McNamara (1997), 124 Ohio App.3d 706,707 N.E.2d 539.
[2] See State Farm Fire and Casualty Co. v. Condon,163 Ohio App.3d 584, 2005-Ohio-5208, 839 N.E.2d 464, ¶ 21, citing State v. Ishmail
(1978), 54 Ohio St.2d 402, 377 N.E.2d 500, syllabus.
[3] See State v. Waddy (1992), 63 Ohio St.3d 424, 443,558 N.E.2d 819.
[4] See State v. Thompson, 1st Dist. No. C-050400, 2006-Ohio-4285, ¶ 8.
[5] State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraphs one and two of the syllabus.
[6] Terry v. Ohio, (1968), 392 U.S. 1, 21, 88 S.Ct. 1868.
[7] Michigan v. Long (1983), 463 U.S. 1032, 1049, 103 S.Ct. 3469, citing Terry, supra.
[8] (1978), 56 Ohio St.2d 405, 384 N.E.2d 280.
[9] Id. at syllabus; cf. State v. Brumfield, 1st Dist. No. C-030389,2003-Ohio-7102; State v. Cox (Apr. 19, 1997), 8th Dist. No. 70259.
[10] Cf. State v. Kessler (1978), 53 Ohio St.2d 204, 208-209,373 N.E.2d 1252.
[11] (Dec. 4, 1989), 2nd Dist. No. 11615. *Page 1