[Cite as *State v. Wyche*, 2017-Ohio-7041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-160678 |
| | | TRIAL NO. 16CRB-2863 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| HARVEY WYCHE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  August 2, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia S. Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

CUNNINGHAM, Presiding Judge.

{¶1} Following a bench trial, defendant-appellant Harvey Wyche challenges the manifest weight of the evidence adduced to support his conviction for assault. But we do not reach the merits of his argument. Because no final appealable order exists in the record certified for our review, we must dismiss this appeal.

{¶2} This court's appellate jurisdiction is limited to the review of final orders, judgments, or decrees of lower courts. *See* Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.03(A). Therefore we must determine our own jurisdiction to proceed before reaching the merits of any appeal. *See State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997); *see also Inwood Village, Ltd. v. Cincinnati*, 1st Dist. Hamilton No. C-110117, 2011-Ohio-6632, ¶ 6. And when the record transmitted for our review does not contain a final appealable order, we must dismiss the appeal for lack of subject-matter jurisdiction. *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 5.

{¶3} In a criminal case, a final appealable order exists when the judgment of conviction satisfies Crim.R. 32(C) and contains (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *see also State v. Bennett*, 1st Dist. Hamilton Nos. C-140507 and C-140508, 2015-Ohio-3246, ¶ 4. Only one entry can constitute the final order in a criminal case. Therefore multiple entries upon a trial court's journal cannot be read together to satisfy the requirements of Crim.R. 32(C). *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. When an appellant appeals from an entry that fails to comply with the requirements of Crim.R. 32(C), this court must dismiss the appeal. *See Daniels* at ¶ 7.

{¶4}   The Ohio Supreme Court has declared, as "a bedrock principle of appellate practice in Ohio," that an appeals court reviewing a direct appeal "is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13; *see State v. Valdez*, 1st Dist. Hamilton No. C-160437, 2017-Ohio-4260, ¶ 20.   For purposes of a direct appeal, that record is composed of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A)(1).

{¶5}   Here, the municipal court found Wyche guilty of the charged offense. The matter was continued for sentencing three times.   The municipal court held a sentencing hearing on August 5, 2016.   In a short entry on the judge's sheet, dated August 5, the court imposed sentence but omitted the finding of guilt.   The entry simply stated, in its entirety:

Sentence 180 days   Cost

SOD/STP  8/19/16  220  900

Stay away no contact w PW.

{¶6}   On August 23, 2016, Wyche filed his notice of appeal from "the judgment of the trial court entered on August 5, 2016."   Following two entries directed at staying the sentence, the municipal court's judge's sheet contains a final entry, dated August 29, 2016, that states only, "Case on appeal."

{¶7}   On September 1, 2016, this court journalized an accelerated calendar scheduling order.   In accordance with App.R. 10(B), the clerk of the municipal court assembled the original papers then filed in the trial court, numbered the documents comprising the record, prepared a certified copy of the docket and journal entries, and transmitted the record to the clerk of this court.   The transmitted record includes the October 13, 2016 endorsement of the municipal court clerk certifying "the within and foregoing to be TRUE and CORRECT TRANSCRIPT of the DOCKET and

JOURNAL ENTRIES of said COURT." The transcript of the proceedings was filed with the clerk of this court on November 29, 2016. This was the final addition to the record on appeal.

{¶8} Thus, nowhere in the record certified for our review is there a judgment of conviction entered by the municipal court that satisfies Crim.R. 32(C). With no final order in the App.R. 9 record certified for our review, we must dismiss the appeal. *See Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, at ¶ 7.

{¶9} We note that Wyche has appended to his appellate brief an ordinary photocopy of a handwritten January 19, 2017 addition to the judge's sheet purporting to enter judgment in the case. In *State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978), the Ohio Supreme Court the held that "[a]ttaching a photocopy of a transcript to a brief does not fulfill the appellant's obligation to furnish the transcript as part of the record on appeal or comply with the requirements of App.R. 9." In reliance on *Ishmail*, this court has long held that parties may not attempt to add documents to the record certified for review by attaching them to their briefs. *See State v. Patterson*, 1st Dist. Hamilton No. C-860445, 1987 WL 10034, *4 (Apr. 22, 1987); *see also Brueggeman v. Brueggeman*, 34 Ohio App.3d 333, 334, 518 N.E.2d 586 (1st Dist.1987); *State Farm Fire & Cas. Co. v. Condon*, 163 Ohio App.3d 584, 2005-Ohio-5208, 839 N.E.2d 464, ¶ 21 (1st Dist.); *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 3 (1st Dist.).

{¶10} Wyche's attached document is not contained in the original papers or identified in the certified copy of the docket and journal entries transmitted from the municipal court. Nor is there any certification from the clerk of that court concerning the authenticity of the attachment. *See Beneficial Ohio, Inc. v. Primero, L.L.C.*, 166 Ohio App.3d 462, 2006-Ohio-1566, 851 N.E.2d 510, ¶ 15 (1st Dist.). Accordingly, the attachment is not properly before this court and will not be considered. *See* App.R. 9(A)(1) and 10.

4

{¶11} We also note that, in its brief, the state "agrees" with Wyche's jurisdictional and procedural-posture statements which rely upon the attached January 2017 document. Appellee's Brief at 1. But it is well settled that "[t]he parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking." *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536 (1976), *overruled on other grounds, Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24, 577 N.E.2d 650 (1991); *see State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995); *In re Johnson*, 106 Ohio App.3d 38, 44, 665 N.E.2d 247 (1st Dist.1995).

{¶12} Since the record transmitted to this court does not contain a judgment of conviction that satisfies Crim.R. 32(C), the appeal is dismissed.

Appeal dismissed.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:
  The court has recorded its own entry on the date of the release of this opinion.