[Cite as *State v. Gray*, **2017-Ohio-7969**.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 AP 000004 |
| CODY GRAY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 16 CR 08-0175


JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      September 28, 2017


APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
PROSECUTING ATTORNEY
CHRISTINE C. WILLIAMS
ASSISTANT PROSECUTOR
117 East High Street, Suite 234
Mount Vernon, Ohio  43050

For Defendant-Appellant

ERIC E. WILLISON
BRADLEY P. KOFFEL
1801 Watermark Drive
Suite 350
Columbus, Ohio  43215

*Wise, John, J.*

{¶1} Defendant-Appellant Cody Gray appeals following his motion to withdraw his prior guilty plea to one count of sexual battery, filed in the Court of Common Pleas, Knox County. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2} On October 4, 2016, the Knox County Grand Jury indicted appellant on one count of rape, a felony of the first degree, and one count of sexual battery, a felony of the third degree.

{¶3} On January 27, 2017, appellant entered a plea of guilty to the single count of sexual battery, R.C. 2907.03(A)(2), a felony of the third degree. At that time, the State requested leave to enter a *nolle prosequi* as to the rape count.

{¶4} A sentencing hearing was held on March 3, 2017. The trial court, via a written judgment entry issued March 9, 2017, sentenced appellant *inter alia* to twenty-four months in prison, ordered restitution to the victim, and classified appellant as a Tier III sex offender.

{¶5} On March 20, 2017, appellant filed a post-sentence motion to withdraw his guilty plea. The State filed a response on April 18, 2017.

{¶6} In the meantime, on April 6, 2017, appellant filed a notice of appeal of his conviction and sentence entry of March 9, 2017. However, on his docketing statement form (*see* Loc.App.R. 6(A)), appellant stated as follows under "probable issues for review": "Defendant sought to withdraw his guilty plea which was based upon inaccurate information from trial counsel."

**{¶7}** Appellant filed his brief with this Court on June 12, 2017, as further analyzed *infra*. On June 16, 2017, the State filed a motion to dismiss the appeal. Appellant filed a memorandum contra on June 28, 2017, and the State filed a reply thereto on July 6, 2017. This Court subsequently issued an entry ordering that the matter of dismissal would be heard at the scheduled oral argument for the within appeal.

**{¶8}** Appellant herein raises the following sole Assignment of Error:

**{¶9}** "I. THE TRIAL COURT ERRED WHEN IT DID NOT ALLOW THE APPELLANT TO WITHDRAW HIS GUILTY PLEA."

I.

**{¶10}** In his sole Assignment of Error, appellant contends the trial court erred by allegedly disallowing his motion to withdraw his guilty plea.

**{¶11}** We note that in lieu of filing a response brief, the State has moved for dismissal of the present appeal.

**{¶12}** In Ohio, appellate jurisdiction is limited to the review of final orders, judgments, or decrees of lower courts. *State v. Wyche*, 1st Dist. Hamilton No. C–160678, 2017-Ohio-7041, ¶ 2, citing Ohio Constitution, Article IV, Section 3(B)(2). When the record transmitted for appellate review does not contain a final appealable order, we must dismiss the appeal for lack of subject-matter jurisdiction. *Id.*, citing *State v. Daniels*, 1st Dist. Hamilton No. C–140242, 2014–Ohio–5160, ¶ 5.

**{¶13}** Certainly, a denial of a post-sentence motion to withdraw a guilty plea is a final, appealable order. *State v. Bennett*, 9th Dist. Summit No. 26241, 2012-Ohio-3664, ¶ 15, citing *State v. Kerns,* 9th Dist. Medina No. 11CA0051–M, 2011–Ohio–6788, ¶ 7. However, in the case *sub judice*, the record before us indicates the trial court has yet to

rule on appellant's motion. Appellant concedes this point in his brief, but maintains the trial court implicitly overruled the motion to withdraw plea by not ruling on it.[1] Nonetheless, notwithstanding that appellant's notice of appeal came just seventeen days after he filed his motion to withdraw, the general rule in Ohio is that "when a trial court fails to rule on a *pretrial motion*, it may ordinarily be presumed that the court overruled it." *See State v. Bethea*, 8th Dist. Cuyahoga No. 87088, 2006-Ohio-4758, ¶ 15 (emphasis added), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Education* (1994), 69 Ohio St.3d 217, 223. Similarly, "any pending motions the trial court does not expressly rule on *when it renders a final judgment* in a case will be deemed to have been implicitly overruled." *See American Business Mtge. Services, Inc. v. Barclay,* 10th Dist. Franklin No. 04AP–68, 2004–Ohio–6725, ¶ 8 (emphasis added). In the case *sub judice*, appellant's conviction and sentence had already been finalized at the time he filed his motion to withdraw his plea; as such, we find no merit in appellant's claim that the trial court has tacitly denied said motion.

{¶14} Appellant also suggests that he filed his notice of appeal in order to protect his right to appeal, urging that a Crim.R. 32.1 motion to withdraw a plea does not toll the time for filing an appeal. In support, he cites *State v. Cooper*, 9th Dist. Medina No. 907, 1980 Ohio App. LEXIS 14146. However, we find *Cooper* inapposite, as the trial court in that case had actually denied the defendant's motion to withdraw his no contest plea. Moreover, if appellant herein indeed has additional potential appellate claims from his

---

[1] Despite this assertion, appellant also asks us, in lieu of dismissing the present appeal, to "*** stay the sentence *** and order his release pending the outcome of the lower court's decision and the possible appeal of that decision, and direct the Trial Court to rule upon the Motion to Withdraw instead." Appellant's Memo Contra Appellee's Motion to Dismiss, June 28, 2017, at 4.

conviction and sentence to protect, he presently fails to explain why he failed to include them in the present appeal, which was facially commenced as a direct appeal of the sentencing judgment entry of March 9, 2017. *See* App.R. 16(A)(3) and (A)(7).

{¶15} Under these unusual procedural circumstances, we find the proper remedy is to dismiss this appeal and remand the matter for the trial court to address appellant's Crim.R. 32.1 motion and/or R.C. 2953.21 petition. *Cf. State v. Furr*, 12th Dist. Butler No. CA2013–04–066, 2014-Ohio-1319, ¶ 4.

{¶16} We therefore will not further address appellant's sole Assignment of Error, on grounds of prematurity.

{¶17} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby dismissed.

By: Wise, John, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 0914