[Cite as *PNC Mtge. v. Chapman*, 2014-Ohio-3617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

PNC Mortgage, a division of PNC Bank, National Association, successor by merger to National City Mortgage, a division of National City Bank

      Appellee

v.

John T. Chapman, et al.

      Appellant

Court of Appeals No. E-14-010

Trial Court No. 2010 CV 0942

**DECISION AND JUDGMENT**

Decided: August 22, 2014

* * * * *

Lisa B. Forbes, Natalia Steele, Christopher P. Santagate, Adam R. Fogelman, and Barbara Borgmann, for appellee.

Daniel L. McGookey, Kathryn M. Eyster, and Lauren McGookey, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, John Chapman, appeals the February 10, 2014 judgment of the Erie County Court of Common Pleas which denied his Civ.R. 60(B) motion for relief from the judgment of foreclosure. Because we find that appellant failed to demonstrate entitlement to relief, we affirm.

**{¶ 2}** The relevant facts are as follows. On August 25, 2006, appellant and his wife, Jennifer Chapman, executed a note/mortgage in favor of National City Mortgage, a division of National City Bank, in order to finance the purchase of their home. On February 12, 2010, after failing to make payments on the note and mortgage and defaulting on the loan, appellant and his wife entered into a loan modification agreement through the Home Affordable Modification Program ("HAMP") in order to avoid foreclosure. The documents listed "PNC Mortgage, a division of PNC Bank, NA" as the lender.

**{¶ 3}** After appellant and his wife failed to make further payments, PNC Mortgage filed a complaint in foreclosure on November 18, 2010. PNC alleged that it was the holder of the loan and loan modification, copies of which were attached to the complaint. The parties were served with notice of the complaint at their residence on November 20, 2010; appellant's wife accepted service.

**{¶ 4}** On October 12, 2011, appellant's wife filed a letter with the court with questions about an upcoming telephonic status conference. She indicated that neither she nor appellant were available. Jennifer also stated that they had a loan modification in place and it was entered into with the intent to "avoid all foreclosure."

**{¶ 5}** PNC filed a "renewed" motion for default judgment on December 6, 2012, based on appellant's failure to file a motion or answer. On June 13, 2013, the court granted PNC's motion. Specifically, the court concluded that the parties had been

2.

properly served and that PNC was the holder of the note and loan modification, that the defendants were in default, the equity of redemption was foreclosed, and ordered that the property be sold. The court found no just reason for delay.

{¶ 6} On September 28, 2013, appellant filed a motion to continue the stay of proceedings. He requested an additional 28 days following the scheduled sale date of October 29, 2013. Appellant stated that he was attempting to work out an agreement with the lender so he did not lose his home. The court denied the motion as moot.

{¶ 7} On October 22, 2013, represented by counsel, appellant filed a motion to stay the sheriff's sale. Appellant argued that he qualified for HAMP, but that he never received or signed the final paperwork and that once he discovered that his house was set to be sold at a sheriff's sale he contacted counsel immediately. The court granted the stay request.

{¶ 8} Appellant's arguments were again raised in his November 7, 2013 motion for relief from judgment. Appellant claimed that he was not served with the complaint, that he entrusted his wife to pay the mortgage, and that he had no knowledge that they were behind in payments or of the foreclosure proceedings until he saw his house listed for sheriff's sale in the newspaper. These assertions were supported by appellant's attached affidavit. Further, appellant argued that he had a meritorious defense to the foreclosure complaint in that PNC failed to establish that it was the real party in interest, i.e. the holder of the note and mortgage. Specifically, PNC failed to attach merger documents and supporting affidavits. Appellant further contended that there was dispute

3.

as to the amount owed under the loan, PNC failed to meet the condition precedent to filing the foreclosure complaint, and that a face-to-face meeting was required under federal law prior to commencement of the action.

{¶ 9} In response, PNC argued that its assertion that it was the holder of the note complied with the notice pleading requirement under Ohio law. PNC further contended that it presented sufficient evidence that it had standing to enforce the note based upon its identification of itself as the successor by merger to National City Mortgage, a division of National City Bank. This was further supported by the loan modification executed by PNC and attached to the complaint and signed by appellant. Regarding the procedural claims, PNC argued that there was no dispute over the amount owed, that appellant failed to properly challenge conditions precedent, and that no face-to-face meeting was required and the lack of a meeting was not a defense to foreclosure. Finally, PNC argued that service in the action was proper.

{¶ 10} On February 10, 2014, the trial court denied appellant's motion for relief. The court first concluded that appellant failed to allege a meritorious defense. The court further found that appellant failed to rebut the presumption of proper service. Finally, the court determined that the motion was not filed within a reasonable time. This appeal followed.

{¶ 11} Appellant raises the following assignment of error for our review:

The trial court erred in granting judgment to plaintiff.

4.

{¶ 12} In his sole assignment of error, appellant argues that the trial court erred when it denied his Civ.R. 60(B) motion for relief from judgment. It is well-settled that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion implies that the court's attitude is unreasonable, unconscionable or arbitrary. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Civ.R. 60(B) sets forth the following grounds for relief from judgment:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 14} In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:

5.

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 15} Appellant argued in the court below that he was entitled to relief from judgment based upon Civ.R. 60(B)(1) and (5). As to the excusable neglect component, appellant argued that he was not served with the foreclosure complaint. Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Regional Airport Auth. v. Swinehart* , 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where the plaintiff complies with the rules governing service of process, a rebuttable presumption exists that service was perfected. *Calvary Invest., L.L.C. v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 10.

{¶ 16} In *Calvary*, we further noted that in some instances the presumption of service may be rebutted by the defendant's affidavit and other matters in the record; however, in other situations more information is needed. *Id.* at ¶ 13. In the present case,

6.

the complaint was served by certified mail and was signed for at appellant's residence by his wife. We cannot say that the trial court abused its discretion in finding that appellant's affidavit was insufficient.

{¶ 17} Appellant next makes several arguments in an attempt to demonstrate the existence of a meritorious defense. Chiefly, appellant contends that because PNC lacked standing at the commencement of the action, the default judgment is void. The Ohio Supreme Court has held that in a foreclosure action, the mortgagor must have standing at the time of the filing of the complaint in foreclosure. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶ 18} In its complaint in foreclosure, PNC alleged that it was the holder of the note and mortgage. The document was attached to the complaint. Further, PNC attached the 2010 loan modification form which listed it as the lender. We find this sufficient to establish that PNC had standing to commence the foreclosure action. *See U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721.

{¶ 19} Appellant next argues that there was a dispute over the amount owed based on the fact that his wife made a few payments following the loan modification. Appellant did not present any evidence of the purported dispute. Likewise, appellant asserts that PNC failed to demonstrate that it complied with the conditions precedent to its right to foreclose. In its complaint, PNC alleged that it had complied; this allegation is sufficient to sustain a default judgment. Finally, appellant argues that PNC failed to offer a face-to-

7.

face meeting prior to instituting the foreclosure action. Reviewing the record below, appellant has failed to demonstrate that the loan was subject to federal servicing guidelines.

{¶ 20} Based on the foregoing, we find that the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment. Appellant's assignment of error is not well-taken.

{¶ 21} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.